### In re TURCICK.

District Court, E. D. Pennsylvania.  June 10, 1929.

John C. F. Gordon, Chief Naturalization Examiner.

George W. Coles, U. S. Atty., of Philadelphia, Pa.

THOMPSON, District Judge. ██ The petitioner arrived in the United States on April 1, 1921. He declared his intention to become a citizen on May 15, 1922, in the circuit court of Cook county, Ill., and filed his petition for naturalization in this court on February 18, 1929. It was therefore incumbent upon him to show continuous residence within the United States for the period from February 18, 1924, to the date of filing his petition.

██ It appears that he resided in the state of Illinois from January, 1922, until May, 1926, when he left the United States for Europe and remained there until March, 1927. When he returned from Europe, he remained in Pennsylvania from March, 1927, to May, 1927, then went to New York and remained there from May, 1927, to August 16, 1927, and has since resided in Pennsylvania.

The question is whether, during the five-year period immediately preceding the filing of the petition, he maintained a continuous residence in the United States. There is nothing to show that, when he left Illinois to go to Europe in May, 1926, he had any intention of returning to Illinois to take up his residence there. Nor is there any proof that he had any intention, when he left Illinois and went to Europe, of acquiring a residence in Pennsylvania, where, upon his return from Europe, he remained for three months, left there and lived in New York for three months, and returned to Pennsylvania in August, 1927.

The term "residence" involves the idea of something beyond a transient stay in a place, and to be a resident one must abide in a place, have one's home there. And if he leaves that place without intention of returning, it is no longer his residence. A residence is the place where a man's habitation is fixed without any present purpose of removing therefrom. Brisenden v. Chamberlain (C. C.) 53 F. 307.

Bearing those thoughts in mind, I find that the applicant has not established a residence within the United States by reason of the fact that, when he left Illinois in May, 1926, it is apparent that he had no intention of returning there. A general intention to retain a residence in the United States is not, in my opinion, sufficient to establish the particular place of residence required under paragraph 4 of section 4 of the Act of June 29, 1906 (8 USCA § 382).

It is ordered, therefore, that the petition be denied.