

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Brazos Co*

Honorable T. O. Walton, President
Agricultural and Mechanical College of Texas
College Station, Texas

Dear Sir:

Opinion No. O-2828
Re: Effect of judgment removing disabilities of minor whose parents reside outside of the State, in respect to tuition fees.

In your opinion request of October 15, 1940, you outline the following facts: Addison H. Lynch, a student of your college is under the age of twenty-one years, and his parents reside outside the State of Texas. He was a student of the college during the past session and was charged the non-resident tuition fee as required by law. He registered for the current semester on September 19, 1940, and was again charged the non-resident fee. Several days ago he presented to you certified copy of a judgment entered in Cause No. 18,806, styled In Re: Addison Haisley Lynch, a Minor, in the 103rd District Court of Cameron County removing his disabilities as a minor and requested refund of the non-resident fees paid for this semester and claimed exemption from payment of further such fees in the future. In substance you request our opinion as to whether Mr. Lynch is still a non-resident student subject to the payment of tuition as provided in subdivision 2 of Section 1, Article 2654c, Vernon's Civil Statutes or whether the judgment referred to has the effect of making him a resident of the State so far as the tuition to be charged him is concerned.

You have submitted to us along with your opinion request the certified copy of judgment referred to. Incorporated in the judgment is a copy of the petition upon which

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

it was based. Briefly, the petition alleges that Mr. Lynch is over nineteen years old and under twenty-one. While it is alleged that he resides in Cameron County, Texas, where he has been living with his brother since the summer of 1939, the reason given in the application for desiring his disabilities removed is that his mother and father are non-residents of the State of Texas, that while he considers himself a resident of Texas, he is compelled to pay the high, non-resident student tuition, and that the funds which he has available are such that he might not be able to complete his college training if he is required to pay the high tuition fees charged non-resident students and that therefore from a practical standpoint, it is essential to him to have his disabilities removed in order that he may complete his college education. It is said in the petition that if the court will remove his disabilities, then he can legally claim Texas citizenship; and as such, be entitled to attend the said college by paying the comparatively small tuition charged Texas students. In the judgment it is found that all of the statements and allegations in such petition are true, that Mr. Lynch resides in Cameron County, is between nineteen and twenty-one years of age, and that it is advisable and to his material advantage to have his disabilities removed. It is also expressly found "that his father and mother, Wilbur W. Lynch, and Florrie Lynch, are each of them living, but are non-residents of the State of Texas."

Subsection 2 of Section 1, Article 2654c, Vernon's Civil Statutes, fixes the tuition to be charged non-resident students, and then contains the following:

". . . A non-resident student is hereby defined to be a student of less than twenty-one (21) years of age, living away from his family and whose family resides in another State, or whose family has resided within this State for a period of time less than twelve (12) months prior to the date of registration, or a student of twenty-one (21) years of age or over who resides out of the State or who has resided within the State for a period of less than twelve (12) months prior to the date of registration."

Honorable T. O. Walton, Page 3

Under the above definition, the student in question is clearly a non-resident, unless he has been rescued by the judgment rendered in the District Court of Cameron County. For the reasons hereinafter appearing, we are of the view that such judgment has not changed the status of this minor as a non-resident under the above statute.

Articles 5921 and 5922, Vernon's Civil Statutes, read as follows:

"Article 5921. Minors above the age of nineteen years, where it shall appear to their material advantage, may have their disabilities of minority removed, and be thereafter held, for all legal purposes, of full age, except as to the right to vote."

"Article 5922. The petition for such removal shall state the grounds relied on, whether the parents of the minor are living or dead, and the name and residence of each living parent. Such petition shall be sworn to by the father or mother of said minor or by any other credible person cognizant of the facts, and shall be filed in the District Court of the County where the minor resides, and a hearing had on any day of any term of said Court, or during a vacation of said Court. Provided that in District Courts of Districts having more than one county within such District, upon the filing of such petition, for removal of disabilities, in the County in which such minor resides, the District Judge of said Court may hold such hearing and remove the disabilities of such minor, in any County within such District wherein he may be then holding Court or may be found. As amended Acts 1939, 46th Leg., p. 497, § 1."

Article 5923, Revised Civil Statutes, contains certain regulations pertaining to citation and procedure. These statutes constitute all the statutory law in this state on the subject of removal of disabilities of minors. The last sentence in Article 5922 was not in the statute until it was added by an amendment made by the Forty-sixth

Honorable T. O. Walton, Page 4

Legislature. Prior to such amendment it had been firmly established that the requirement of Article 5922 that the petition be filed in the county where the minor resided was a jurisdictional one. Cunningham vs. Robison, 136 S. W. 441; Durrill vs. Robison, 138 S. W. 107. Obviously the only relaxation from the old statute made by the amendment was to permit the proceeding to be had in another county in the same judicial district when the judge should be holding court or for some other reason be found in such other county. However, residence of the minor within the district was left jurisdictional. Court decisions arising under the old statute are plainly applicable to the amended act, except as above stated, and the question before us does not involve that exception.

We quote in full the opinion of Chief Justice Brown, in Durrill vs. Robison, supra, as follows:

"It appears from the judgment of the district court of Travis county, purporting to remove the disabilities of relator, that she was not a resident of the county of Travis within the meaning of the statute. Her application shows that she came to Travis county for the purpose of getting her disabilities removed, and that she intended as soon as she accomplished that purpose to return to El Paso county. The court recites in its order that she is temporarily a resident of Travis county. The statute provides that the proceeding must be had in the county where the minor resides, and, it appearing upon the face of the proceeding that she did not reside in Travis county, the order is void. Cunningham v. Robison, 136 S. W. 441. Being a minor, the relator is not qualified to purchase the land.

"It is therefore ordered that the motion be overruled, at the cost of the relator."

From the opinion of the Supreme Court in in G. C. & S. F. Ry. Co. vs. Lemons, 206 S. W. 75, we quote:

". . . It is certain that the domicile and residence of T. E. Lemons, under any meaning which may be ascribed to those words, was in Parker county until his removal to Dallas and

his alleged emancipation; for T. E. Lemons was living in Parker county and that was the domicile of his father, and it is settled law in Texas that the domicile of a minor child is always that of the father, and necessarily changes with any change of the father's domicile. Russell v. Randolph, 11 Tex. 465; Franks v. Hancock, 1 Posey, Unrep. Cas. 561, 562; Lanning v. Gregory, 100 Tex. 314, 315, 99 S. W. 542, 10 L. R. A. (N. S.) 690, 123 Am. St. Rep. 809; First State Bank v. Fain, 157 S. W. 454. The reason for this rule is given by Judge Wheeler in the following language of Judge Story in his Conflict of Laws, section 44:

"'Minors are generally deemed incapable, proprio marte, of changing their domicile, during their minority.' Hardy v. De Leon, 5 Tex. 237.

"Schouler states:

"'The domicile of origin remains until another is lawfully acquired, and, since minors are not sui juris, they may not change their domicile during their minority, though they may when of full age.' Schouler's Domestic Relations, p. 313.

"It is obvious that the disability of a minor to effect a change of domicile by act of his will rests at least in large measure on his presumed lack of capacity to form the the intention, which is the all-important element in effecting such a change, and the law makes no distinction with respect to this lack of capacity at the varying stages of minority; the presumption being the same at 18 years as at 18 months. Since there is no important difference between the intention required to effect a change of domicile and to effect a change of residence, whenever the word 'residence' is used in the sense of a home fixed by intention, concurring with bodily presence, it must be held that the disability, which prevents the minor, through lack of capacity to have the essential intention, from acquiring a new domicile, likewise prevents him from acquiring such a new residence as is above mentioned. Brown v. Boulden, 18 Tex. 435; Brisenden v. Chamberlain (C. C.) 53 Fed. 311; In re Cannon's Estate, 15 Pa. Co. Ct. R. 312, 314."

Honorable T. O. Walton, Page 6

The case of Lanning vs. Gregory, 99 S. W. 543, was a habeas corpus case involving the custody of a child. From the opinion of the Supreme Court therein, we quote:

"We answer the first question that the domicile of the infant followed that of the father, and, upon the change of the father's domicile from Texas to Louisiana, the infant's domicile was likewise changed. . .

"To the third question we answer, the child being in the lawful custody of the father, his domicile was in the state of Louisiana, and the district court of Hunt county did not acquire jurisdiction of the child by reason of his temporary presence in the state of Texas. That court had no authority to adjudge a change of relation between the father and the child. Brown on Jurisdiction, 290."

On the above point we cite also, Bank vs. Fain, 157 S.W. 454; 15 Tex. Jur. p. 715; 19 C. J. p. 411; Wright vs. Wright, 285 S. W. 909.

The judgment in the removal of disabilities proceeding shows upon its face that this young man's parents were non-residents of Texas. As a matter of fact the record shows that it was the non-residence of such parents, in view of Article 2654c, which precipitated the proceeding and produced the advantage relied on to obtain relief. From the authorities cited above, it is clear that the minor's residence or domicile was that of his parents. Lack of jurisdiction is thus affirmatively shown in the order itself.

From Cunningham vs. Robison, 136 S. W. 441, by the Supreme Court, we quote:

"The authority here conferred upon the district court is not judicial in its character, but is a special authority, outside of the constitutional powers of the court. In such class of cases the judgment or order entered by the court is not entitled to the presumption of verity, especially as to the jurisdiction of the court, as would be the case where the function performed was that of the ordinary judicial powers of the court. Brown v. Wheelock, 75 Tex.

Honorable T. O. Walton, Page 7

385, 12 S. W. 111, 841: Marks v. McElroy, 67
Miss. 547, 7 South, 408; Hindman v. O'Connor,
54 Ark. 627, 16 S. W. 1052, 13 L. R. A. 490.
. . ."

Our opinion follows that the order of the District Court of Cameron County attempting to remove the disabilities of this minor does not affect his status as a non-resident under 2654c. And, since he is under twenty-one years of age and his parents reside outside the State he is a non-resident within the meaning of the statute and subject to the payment of the fees provided in sub-paragraph 2 of Section 1 of said Article 2654c.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:ew

APPROVED OCT 25, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN