WILSON v. RANKIN.

(Filed December 23, 1901.)

1. RECEIVERS—*Suit Against—Jurisdiction.*

Leave to sue a receiver may be granted at chambers either by the resident judge or the judge holding the courts of the district by assignment or exchange.

2. RECEIVERS—*Jurisdiction—Waiver.*

Failure to secure leave to sue a receiver, if necessary, is cured unless demurred to.

3. JUDGMENT—*Assignment of Errors—Reversal.*

Where the only error assigned is as to an issue of law which the trial judge improperly submitted to the jury and instructed them erroneously thereon, the judgment below should be reversed.

ACTION by Geo. T. Wilson, administrator of W. T. Wilson, against J. E. Rankin, receiver of the Asheville Street Railroad Company, heard by Judge *Frederick Moore* and a jury, at September Term, 1901, of the Superior Court of BUNCOMBE County. From a judgment for the defendant, the plaintiff appealed.

*Stevens & Weaver,* and *Locke Craige,* for the plaintiff.
*F. A. Sondley,* and *J. C. Martin,* for the defendant.

CLARK, J.   This is an action by the plaintiff, administrator of his infant son, against the defendant as receiver of the Asheville Street Railway Company, to recover damages for the death of his intestate, alleged to have been caused by the negligence of said company while being operated by said receiver.   The defendant answered, denying the plaintiff being administrator, denying the appointment of defendant as

receiver and his operation of the road as such, at the time of the accident, and denying that the plaintiff's intestate was killed by the negligence of those operating said street railway. Nine issues were submitted, covering all the controverted points, all of which were answered in favor of the plaintiff, except the third, which was answered, under the direction of the Court, in favor of the defendant, and the plaintiff's damages were assessed at $3,375.

The defendant moved for a new trial for alleged errors appearing on the trial. The plaintiff, on an intimation from the Court, reduced the amount of damages by remitting all in excess of $2,500, and the defendant has made no exceptions and does not appeal. By reason of the finding on the third issue, the Court refused the plaintiff's motion for judgment on the verdict (as amended) for $2,500, and dismissed the action, and the plaintiff appealed.

The third issue was as follows: "Did the plaintiff obtain the permission of this Court to sue the defendant in this action before commencing the same?" The evidence on this point was documentary and uncontradicted, and the Judge found as facts that, immediately before the beginning of this action, in August, 1898, the plaintiff, as administrator, applied to "Hon. Eugene D. Carter, then resident Judge of the Twelfth Judicial District, at his private office," for leave to bring this action against the defendant, and "the said Eugene D. Carter, as Judge, did then and there sign an order" granting the leave asked. The order is regular in form, and was granted upon a motion entitled as of the cause in which the defendant had been appointed receiver. The receiver had been appointed in said cause 1st January, 1897, by the Judge of the Superior Court. On this third issue, upon this evidence, the Court charged the jury as follows:

"The defendant being an officer of the Court, the law required the plaintiff to apply to the Court which appointed

the defendant as receiver and obtain the permission of the Court to sue the defendant in this action. The plaintiff contends that he applied to Eugene D. Carter and obtained the leave. The defendant contends that the leave to bring this action *did not have the legal effect* which the plaintiff contends that it had, and that the plaintiff did not *in a proper manner* obtain the leave of this Court to bring this action, before bringing it. Upon that issue, the third, I charge you that there is no evidence that the plaintiff, before the institution of this action, obtained the permission of the Court to bring it, and you should answer the third issue 'No.' " The plaintiff excepted.

This presents the only point in the case. We were favored with an able discussion, with a wide citation of authorities, on the question whether, if this was not sufficient leave to sue, any leave to sue was necessary. From these citations, it appears that in the United States Courts, the act of Congress of 1887 permits any receiver to be sued without leave, and that in the Courts of our sister States, while it is generally held that leave to sue a receiver should be obtained, and that while in some States it is ruled that the lack of such leave is a jurisdictional defect, in many others it is held that it is not, and that it may be cured, if objection is not made in apt time—among the latter States are New York, Massachusetts, Pennsylvania, Illinois, Indiana, Wisconsin and several others—and the plaintiff claims that the defect, if any in this case, was waived by not demurring. The only authority in our State, *Black v. Gentery,* 119 N. C., 502, so holds. This being merely an action to establish a debt, and not to interfere with the property or management of the receiver, leave to sue was a mere formal matter of course, and its omission, if not demurred to, was certainly cured. Moreover, Judge Greene later granted leave to issue an alias summons, which was itself leave to further prosecute the action.

29——129

But aside from that, we are of opinion that leave to sue was granted in this case. The Code, section 336, confers jurisdictions as to injunctions upon "the resident Judge of the district, or the Judge assigned to the district, or holding by exchange the Courts of the district. *Hamilton v. Icard,* 112 N. C., 589. The Code, sec. 379, confers jurisdiction to appoint receivers upon the Judges of the Superior Court having authority to grant restraining orders and injunctions, as prescribed by section 336. The resident Judge being one of those having jurisdiction over receivers, it must follow that he has the incidental poweres connected therewith, and could grant the leave to sue by the same authority which confers that power on the Judge holding the Courts of the district in rotation or by exchange. His Honor was right in holding that the application should be "to the Court which appointed the defendant as receiver," but that Court was the Superior Court, not the individual who appointed the defendant receiver in January, 1897, and in the Superior Court, the statute confers as to receivers jurisdiction on the resident Judge as much as upon the Judge assigned to the district or holding the Courts thereof by exchange. It would be very inconvenient ofttimes if this were not so, when during a long vacation the Judges assigned to a district may be at the other end of the State. We do not attach any importance to the heading of the order, the essential thing being that the Judge granted the leave; but it would seem more regular and proper that leave to sue a receiver should be upon motion in the cause in which he is appointed, as was here done, that a record thereof may be kept in that case for reference in passing on a motion to discharge him. No reason or precedent occurs to us why an application for leave to sue should be made at term time, and the fact that either of the Judges named has jurisdiction clearly indicates such orders may be granted at Chambers, like injunctions and like orders.

If this had been an erroneous instruction to the jury upon an issue of fact, a new trial upon this issue would be necessary. But it was a question of fact, and the Judge found the fact, upon documentary and uncontroverted evidence. He submitted an issue of law to the jury. Upon the facts found by him, he should have held as a matter of law that leave to sue had been granted. The instruction to the jury to answer the issue "No," was erroneous, and their response to the issue of law is irrelevant and immaterial.

Upon the findings of the jury on the other eight issues, as to which there is no exception, judgment should have been entered in favor of the plaintiff for the sum of $2,500, with interest from the first day of that term, and costs. The judgment below is set aside, and the case is remanded that judgment may be entered below in conformity to this opinion.

Reversed.