## J. R. LASSITER, Administrator, v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 10 September, 1913.)

**1. Courts — Jurisdiction — Federal Receivers—Permission to Sue— Purchasing Corporations.**

It is unnecessary, under the United States statutes, to get permission from the Federal courts to sue its receivers of an insolvent corporation, in the courts of a State, and *a fortiori* such consent is unnecessary to sue in the State court a purchasing railroad corporation under a Federal foreclosure sale, for the wrongful death of an intestate inflicted while the property was being operated by the receivers, after confirmation had been decreed and the purchasing corporation had been put into possession; and it is further held in this case that the decree of the Federal court retaining the cause for the protection of the purchaser and others interested was not intended to have a contrary effect.

**2. Railroads—Federal Receivers—Purchasing Corporations—Torts —Liability—State's Courts—Jurisdiction.**

The liability of a purchasing railroad corporation of the property of an insolvent railroad corporation at a foreclosure sale in the Federal court, after confirmation by the court and possession given, for the wrongful death of an intestate, inflicted while the property was being operated by the receivers, is a question of law which may be resolved by the State court in an action there begun; and it is held that such purchasing corporation is liable, for that the earnings of the property in the receiver's hands are first applicable under the law to liabilities of this character, and its application otherwise would be a wrongful diversion which would render the purchasing company equitably liable.

**3. Railroads—Removal of Causes—Nonsuit—Purchasing Corporations—Actions.**

Where an action for the negligent killing of plaintiff's intestate was originally brought against the Federal receivers of a railroad company, in the courts of this State, removed by the defendants to the Federal courts, where the plaintiff took a nonsuit, and subsequently the corporate property has been foreclosed and decree confirming the sale has been made and thereunder the possession of the property has been given to the railroad corporation which purchased at the foreclosure sale, the

plaintiff may again bring his action for the same cause, in the State court, against the purchaser, within a year from the time of his taking the nonsuit.

APPEAL by defendant from *Long, J.,* at June Special Term, 1913, of GATES.

*Ward & Grimes, Bond & Bond, and A. P. Godwin* for plaintiff.
*W. B. Rodman* for defendant.

CLARK, C. J. This is an action for the negligent killing of Mattie Taylor by an engine operated by the employees of the receivers of the Norfolk and Southern Railroad Company, the plaintiff alleging that the defendant the Norfolk Southern Railroad Company is liable therefor. The action was originally brought against the receivers of the Norfolk and Southern Railroad Company in Gates Superior Court. It was removed to the Federal court, where a nonsuit was taken. Within one year thereafter and after confirmation of the purchase of the property by, and its delivery to, defendant, this action was begun in the Superior Court of Gates against the purchaser of the property, the present defendant.

Upon the issues submitted, the jury found that the death of plaintiff's intestate was caused by the negligence of the receivers of the Norfolk and Southern Railroad Company, as alleged in the complaint; that she did not contribute by her own negligence to cause said injury and death, and that the receivers by the use of reasonable care could have prevented said injury and death, and assessed the damages at $1,000. As to these issues there is no exception.

The fourth issue was, "Is the defendant the Norfolk Southern Railroad Company liable for the tort alleged to have been committed by the Norfolk and Southern Railroad Company, while operated by the receivers, as alleged in the complaint?" This issue was answered by the court, as a matter of law, "Yes," and the defendant excepted.

The Norfolk and Southern Railroad Company was sold under foreclosure in the Federal court. Paragraph 11 of

said decree provided: "The purchaser or purchasers shall as a part of the consideration for such sale, and in addition to the purchase price bid, take the property purchased:" Here follow several conditions, among them, "(3) And upon the express condition that such purchaser or purchasers, his or their successors and assigns, shall pay, satisfy, and discharge any unpaid indebtedness and obligation or liabilities which shall have been contracted or incurred by the receivers in respect thereto, before the delivery or possession of the property sold." The decree of confirmation, after reciting and adopting as a part of the decree of confirmation the decree of foreclosure, contained, among other things, the following: "It is further ordered, adjudged, and decreed that this court reserves the exclusive jurisdiction of this cause, for the purpose of enforcing and executing the provisions of the said decree of foreclosure and sale entered 14 October, 1909, and for the purpose at all times of protecting said grantee or grantees, their successors or assigns, in the enjoyment of the property, assets, and franchises purchased under the said decree of foreclosure and sale, and to determine any and all controversies as to the character, extent, and validity of the possession of said grantee or grantees, their successors and assigns, acquired under the execution of said decree and hereunder, and for the purpose of enforcing all the obligations and rights assumed by said grantee or grantees, their successors and assigns, under and by virtue of the said decree of foreclosure and sale or any subsequent decree including this decree."

The defendant earnestly contends that under this provision in the decree the plaintiff could not maintain this action in the Superior Court of Gates. We do not understand that the right which the plaintiff has under the Federal and State statutes to bring this action in the State court can be impaired by this decree of the Federal court, nor do we think that such decree was intended to have that effect.

Inasmuch as an action can be brought in the State court against the receivers in the Federal court, without obtaining permission of that court (U. S. Compiled Statutes, 721 (3), Act

3 March, 1887, ch. 373, sec. 3), *a fortiori* an action can be brought in the State court against the purchaser, after confirmation of the sale and delivery of the property to such purchaser, without permission of the Federal court. The liability of the purchaser is a matter of law which can be adjudicated in the State court. The earnings of the road, while in the hands of the receivers, are first applicable to the tort and contract liabilities incurred during their operation, even in preference to prior mortgage liens (which doctrine as to torts is a provision of the North Carolina statute also), and their application to improvements would be a wrongful diversion of the fund, and the purchasing company is liable to the plaintiff on equitable principles as fully as if it had been the original owner.

This matter is fully discussed in *R. R. v. Johnson,* 151 U. S., 81, in which case *Chief Justice Fuller* says, at p. 88: "The company was held liable upon the distinct ground that the earnings of the road were subject to the payment of claims for damages, and as in this instance such earnings had been diverted into betterments of which the company had the benefit, it must respond directly for the claim. This was so by reason of the statute, and, irrespective of the statute, on equitable principles applicable under the facts." That case is a full discussion of the points involved in this, and holds that the State court is authorized to try actions against the receivers or the purchasing company upon facts very similar to those in this case. It was further held therein that where such plaintiff did not intervene in the Federal court and collect its judgment before the property was turned over to the purchasing company, he is not precluded from bringing his action in the State court. That decision has been approved in numerous cases cited in. 12 Rose's Notes, 479. To same effect, *R. R. v. Manton,* 164 U. S., 636, which holds that an action for damages for personal injuries, brought against the receiver and the railroad company and pending after the restoration of the property, is not cut off by failure to prosecute the claim by intervention in the receiver's proceedings because of an order of the court

requiring such claims to be presented by a specified date or be barred. For cases citing and approving this decision, 12 Rose's Notes, 916.

In *R. R. v. Crawford*, 53 Am. St., 752, it is held: "If a railroad in the hands of a receiver appointed by United States Circuit Court is sold by order of that court, but possession is retained by the receiver, one who claims damages for injuries received while the railroad was in the hands of the receiver may sue the receiver in the State court without the consent of the United States court, and after the Circuit Court has discharged the receiver and turned the property over, the jurisdiction of the Federal court ceases, and the State court, though the suit was commenced prior to such delivery, has the power to proceed to adjudicate the rights of the parties and to enforce its own judgment according to the laws of the State." This case is there copiously annotated, and among others has the following citation: "The discharge of the receiver, and return of the property to the owner, leaves the property subject to any claim or charge legally resting upon it; and this may be enforced by any court having jurisdiction. *R. R. v. Johnson*, 76 Texas, 421; 18 Am. St., 60." This was the case which was taken by writ of error to the United States Supreme Court in which the opinion of *Fuller, C. J.,* 151 U. S., 81, above cited, was rendered, affirming the action of the Texas court, and holding:

1. Whether there was actionable negligence committed while the receiver was in charge is a question of general law for the State court to pass upon.

2. That a provision in the order of the United States court reserving the proceedings for the disposition of pending intervention, and such as might be filed within a time fixed, does not preclude one having a cause of action for the negligence of the receivers from bringing his action in any court of competent jurisdiction.

Our conclusion is that the Superior Court of Gates had jurisdiction of this cause of action under the statutes, State and Federal, and that the provision of the decree of confirmation of

the sale in the Federal court did not have the effect, and was not intended to have the 'effect, to deprive the plaintiff of his right to maintain this action in the State court.

No error.