Motion by defendants to remove this cause to the Superior Court of Cumberland, from Wake County.
The court denied the motion and defendants appealed.
At August Term, 1913, of Bladen Superior Court, the plaintiff was appointed receiver of the Newton-MacArthur Lumber Company, which is a North Carolina corporation, with its principal place of business and all of its property in Bladen County. Plaintiff was appointed receiver in an action entitled Harnett Lumber Company v. Newton-MacArthur Lumber Company and others, pending in Bladen.
At October Term, 1913, of Bladen Superior Court, by consent, said action of Harnett Lumber Company v. Newton-MacArthur Lumber Company was removed to the Superior Court of Cumberland County. On 29 December, 1913, the plaintiff entered into a contract with the defendant Bowen. *Page 76 
The other defendants in this action executed Bowen's bond in the sum of $10,000 for the faithful performance of said contract. This contract was executed in Wake County by the plaintiff, and in Cumberland County by the defendants except Smith, who executed it in Harnett.
The plaintiff, at the time of his appointment as receiver, and of the making of the contract with defendant Bowen and of the institution of this action, was a resident of Wake County. The defendants Bowen, McGougan and Honeycutt were at said times residents of Cumberland County. Defendant Smith was a resident of Harnett County, and has since removed to Hoke County, and the defendant Ellington is now a resident of Johnson County.
(35) Bowen failed to perform said contract, and at the September Term, 1914, of Cumberland Superior Court, after due notice to all the defendants, the court found that Bowen had failed to perform said contract, and directed plaintiff to take possession of the property which had been turned over to Bowen under the contract, and authorized and empowered the plaintiff to bring an independent action, if so advised, to recover of Bowen and his bondsmen damages for breach of said contract.
This action was accordingly brought to December Term, 1914, of Wake Superior Court, to recover damages for breach of said contract. The venue of this action is governed by Revisal, sec. 424, wherein it is enacted that "In all other cases the action shall be tried in the county in which the plaintiffs or the defendants or any of them shall reside at the commencement of the action."
It is admitted that the plaintiff resided in Wake at the commencement of the action, but defendants contend that because plaintiff was appointed receiver in Bladen and afterwards the action in which he was appointed was removed to Cumberland, the proper venue is the latter county. The authorities seem to be uniform that in determining the residence of fiduciaries for the purpose of venue or citizenship, the personal residence of the fiduciary controls, in the absence of statute. This is true as to receivers, trustees, executors and administrators. 11 Cyc., 869, and notes.
Where plaintiff resides at the time the cause of action arose has reference to the residence of the individual holding the office and not to the official residence or place where he may have qualified. Smith v.Patterson, 159 N.C. 140; Whitford v. Ins. Co., 156 N.C. 43; Rankin v.Allison, 64 N.C. 674.
The receiver in this case is the real party in interest within the meaning of the statute. Revisal, sec. 400. This applies to a trustee of an express trust. Section 404. Alderson on Receivers, 266. *Page 77 
In the Federal jurisdiction in actions by or against persons acting in a representative capacity, such representatives or fiduciaries stand upon their own citizenship, without regard to the citizenship of those whom they represent. 4 Enc. U.S. Rep., 957.
It is uniformly so held by the Supreme Court of the United States: "Representatives may stand upon their own citizenship in the Federal courts, irrespective of the citizenship of the persons whom they represent, such as executors, administrators, guardians, trustees, receivers," etc.Mexican Cent. Ry. v. Eckman, 187 U.S. 434; New Orleans v. Gaines,138 U.S 434; 4 Fed. Stat. Anno., page 293.
Affirmed.
Cited: Lawson v. Langley, 211 N.C. 530 (f); Barber v. Powell,222 N.C. 135 (p); Indemnity Co. v. Hood, Comr., 225 N.C. 362 (g).
(36)