## STATE OF OKLAHOMA *v.* STATE OF TEXAS.

## UNITED STATES, INTERVENER.

IN EQUITY.

No. 15, Original. Rule to show cause issued May 5, 1924; response to rule filed May 26, 1924.—Decided June 9, 1924.

1. A claim for reimbursement from funds held by the receiver appointed by this Court, not based on legal right but allowable under an order of this Court, in the discretion of the receiver, cannot be enforced against him by an action in a state court, and such action may be enjoined by this Court consistently with Jud. Code, § 265. P. 491.
2. Section 66 of the Judicial Code, providing that every receiver of property appointed by a federal court may be sued, without leave of the court, "in respect of any act or transaction of his in carrying on the business connected with such property," does not apply to a suit based on acts occurring before the receivership for the cost of which he has been given discretionary authority by the court to make reimbursement. P. 492.

Injunction granted.

UPON return of an order heretofore issued to the respondents Duhon and Kebideaux (*ante,* p. 76,) to show cause why they should not be enjoined from maintaining an action in a state court against the receiver in this cause.

*Mr. Arch Dawson* and *Mr. H. O. Williams* for respondents.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

In a recent report of the receiver in this case, he called attention to an action brought against him in the District Court of Wichita County, Texas, by J. H. Duhon and H. J. Kebideaux, the object of which is to enforce payment by him of the claim hereinafter described. On examining the report, this Court ordered the plaintiffs in that action to show cause why they should not be enjoined from maintaining it. In due time they submitted a response.

The claim sought to be enforced is one for reimbursement for the cost of drilling an oil well in the river bed, and, if paid, must be paid out of an impounded fund in the receiver's custody. The well was drilled prior to the receivership, and without right. In no possible view did the drilling give rise to an enforceable claim against the receiver or against any property in the receivership.

The right asserted against the receiver is based on a subsequent order of this Court, 256 U. S. 607. That order is not imperative or mandatory; nor does it purport to give any operator or driller a right to be reimbursed. On the contrary, it commits the question of reimbursement to the receiver's discretion. Its words are, " is hereby authorized, in his discretion," etc. Obviously the receiver's action in a matter committed to his discretion by this Court can not be controlled by any other court. The plaintiffs say that the receiver recognized their claim. Even so, they assert and reassert that there has been no

reimbursement. If this be true, the matter still rests in the receiver's discretion. A mere recognition of the claim would not terminate his discretion. He would be free to reconsider until there was an actual reimbursement.

If the plaintiffs desired to enforce reimbursement regardless of the receiver's discretion, they should have applied to this Court for a mandatory order. No other court could change the existing order, or require the receiver to surrender his discretion under it; and yet that is what the plaintiffs seek to accomplish by their action against the receiver. They rely on § 66 of the Judicial Code which reads as follows:

" Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

Whether the section rightly understood applies to a receiver appointed by this Court in a suit within its original jurisdiction we need not consider. In terms it is confined to suits against a receiver in respect of his acts or transactions while carrying on the business of the receivership. Here the receiver is not sued in respect of any act or transaction of his in the course of the business, but in respect of acts occurring prior to the receivership, for the cost of which this Court by a subsequent order authorized him, in his discretion, to make reimbursement. Under the plaintiffs' showing, the receiver's only connection with the matter has been a refusal to exercise his discretion favorably to them. That, in our opinion, is not such an act or transaction as the section intends. *Buchannon & Northern R. R. Co.* v. *Davis*, 135 Fed. 707, 711.

Our conclusion is that an injunction should issue restraining the plaintiffs from maintaining their action. Such an injunction, in the circumstances disclosed, may issue consistently with § 265 of the Judicial Code. *Wells Fargo & Co.* v. *Taylor*, 254 U. S. 175.

*Injunction granted.*