LILLIAN F. SELLERS, ADMINISTRATRIX OF A. J. SELLERS, DECEASED, v. CAROLINA RAILROAD COMPANY, NORFOLK SOUTHERN RAIL-ROAD COMPANY, AND G. R. LOYALL AND L. H. WINDHOLZ, RECEIVERS OF NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 20 September, 1933.)

**1. Receivers F b—Permission must be obtained for suit against receivers on cause of action arising prior to receivership.**

In an action against a railroad company for wrongful death occurring prior to the receivership of defendant company it is necessary for plaintiff to obtain permission to sue from the Federal Court appointing the receivers, U. S. C. A., sec. 125 giving permission to sue only for causes of action arising from the negligence of the receivers or their agents.

**2. Same—Order appointing receivers held not to grant leave to sue receivers on cause of action arising prior to receivership.**

The order appointing receivers for the Norfolk Southern Railroad Company does not give permission for suit against the receivers for wrongful death occurring prior to the receivership, the powers given the receivers by the order in respect to instituting and defending suits not amounting to a leave of court to institute such action.

**3. Process B a: Appeal and Error J c—**

Where there is no evidence to support the finding of the trial court that the person upon whom service was served was an agent of defendant corporation at the time of the service of summons, the refusal of the corporation's motion to dismiss for failure of service of summons, entered upon its special appearance, will be reversed.

CIVIL ACTION, before *Cranmer, J.,* at November Term, 1932, of LENOIR.

Plaintiff alleged that her husband, the intestate, was injured and killed on 26 November, 1931, by reason of the negligence of the agents and employees of the Carolina Railroad Company and the Norfolk Southern Railroad Company. On 28 July, 1932, the judge of the District Court of the United States for the Eastern District of Virginia, by order, duly made and entered, placed the defendant, Norfolk Southern Railroad Company in receivership and appointed the defendants, G. R. Loyall and L. H. Windholz, as receivers of said company.

The summons was issued by the plaintiff on 14 September, 1932, and was served 15 September, 1932, on W. J. Nicholson, "agent for Norfolk Southern Railroad Company, and W. J. Nicholson, agent for G. R. Loyall and C. H. Windholz, receivers of Norfolk Southern Railroad Company." The summons for the Carolina Railroad Company was issued on 14 September, 1932, and served 15 September, 1932, upon "J. C. Poe, superintendent and agent for Carolina Railroad Company." The Carolina Railroad Company is a corporation of North Carolina. Thereafter, the Norfolk Southern Railroad Company made a special appearance and moved to dismiss the action for that there had been no proper service of summons for the reason that "neither J. C. Poe nor W. J. Nicholson, the parties on whom the summons in this case was served, is now, was when said summons was served, nor has been, since 28 July, 1932, an officer, agent, servant or employee of Norfolk Southern Railroad Company, but are now, were when said summons was served, and have been, since 28 July, 1932, in the employment of G. A. Loyall and L. H. Windholz, receivers of Norfolk Southern Railroad Company, and, therefore, were not the parties on whom process against Norfolk Southern Railroad Company could be served according to the statute of North Carolina."

At the same time the receivers of the Norfolk Southern Railroad Company made a special appearance and filed a like motion to dismiss the action upon the same ground, and upon the further ground that the plaintiff had not procured a leave of the Federal Court to institute said suit, and that the order appointing the receivers "does not permit the said receivers to be sued for any alleged acts of the corporation, Norfolk Southern Railroad Company, accruing prior to their appointment, without the express approval and consent of the District Court of the United States for the Eastern District of Virginia."

The defendant, Carolina Railroad Company, made a special appearance and filed a motion to dismiss upon the ground that summons had been served upon J. C. Poe, and that J. C. Poe was not an officer, agent,

servant or employee of the Carolina Railroad Company at the time of the issuance and service of summons, and had not been such agent since 28 July, 1932.

The motions so made by the defendants were supported by affidavit of J. C. Poe, who declared therein that he was not an agent of the Carolina Railroad Company on 15 September, 1932. The plaintiff offered the affidavit of R. A. Whitaker to the effect that J. C. Poe was superintendent of the Carolina Railroad Company at the time of plaintiff's death in November, 1931, and that affiant had conducted certain correspondence with J. C. Poe with reference to the settlement of plaintiff's claim, beginning in February, 1932, and terminating on 13 May, 1932. The letters of Poe to plaintiff's attorneys bear the legend "Carolina Railroad Company, J. C. Poe, superintendent." There was no communication between the plaintiff and Poe subsequent to 13 May, 1932, and no evidence tending to show any official act of Poe subsequent to 28 July, 1932, when the receivership order was signed. Plaintiff offered the affidavit of F. E. Wallace, stating that as late as 3 June, 1932, "J. C. Poe was the acting superintendent of the Carolina Railroad Company, and as such was making efforts to dispose of the property of the said Carolina Railroad Company and was in charge thereof."

Upon the motions and affidavits the trial judge was of the opinion that summons had been properly served on both defendants and found that Poe "was the superintendent and agent of said Carolina Railroad Company . . . and W. J. Nicholson was agent for the receivers of the Norfolk Southern Railroad Company at the time the summons was served."

From the foregoing judgment the defendants appealed.

*Whitaker & Allen and Wallace & White for plaintiff.*
*Rouse & Rouse for defendants.*

BROGDEN, J. (1) Was it necessary for the plaintiff to obtain leave of the Federal Court, permitting or allowing this action for wrongful death to be instituted?

(2) Does the order appointing the receivers for the Norfolk Southern Railroad grant such necessary leave or permission?

(3) Was there any evidence that J. C. Poe was agent of the Carolina Railroad Company at the time the action was instituted, to wit, 14 September, 1932?

U. S. C. A., section 125, provides that "every receiver . . . of any property appointed by any court of the United States may be sued in respect to any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver . . . was appointed, etc." Hence the inquiry

arises: Was the death of plaintiff's intestate caused by the receivers or their agents, or was the alleged negligent killing of plaintiff's intestate "any act or transaction of his in carrying on the business connected with such property," etc.? It was alleged that the plaintiff's intestate was killed on 26 November, 1931. The receivers were appointed in July, 1932. Consequently the cause of action existed before the appointment of the receivers, and, therefore, such alleged negligent killing could not be due to any act or transaction of the receivers "in carrying on the business connected with such property." The plaintiff insists that the receivers can be sued for wrongful death without leave of court, although the cause of action arose prior to the appointment of receivers, and cites in support of such contention *Grady v. R. R.,* 116 N. C., 952, 21 S. E., 304; *Wilson v. Rankin,* 129 N. C., 447, 40 S. E., 310; *Lassiter v. R. R.,* 163 N. C., 19, 79 S. E., 264. It is to be noted, however, that in all of said cases the alleged wrongful death complained of occurred during the pendency of the receivership. Manifestly, leave of court was necessary when the cause of action arose several months prior to the order of receivership. See *Oklahoma v. Texas,* 265 U. S., 490, 68 L. Ed., 1116; *Texas & Pacific R. R. v. Cox,* 145 U. S., 593, 36 L. Ed., 829.

The next question of law to arise is whether the order of receivership granted leave of court to institute the action. Said order after authorizing the receiver to institute and prosecute "all such actions, proceedings or suits as in his judgment may be necessary for the recovery or proper protection of said property" proceeds as follows: "and likewise to appear in and defend any and all actions, proceedings, or other suits which may be instituted and prosecuted against him as receiver in or before any such tribunal. Said receiver is further authorized and empowered whether before or after any action, proceeding or suit in respect thereof shall have been begun, to compromise and settle, and out of funds coming into his hands as receiver, pay claims and demands on all accounts accruing against him as receiver after the date of this order and arising out of his possession, maintenance or operation of the property of the railroad company." The order further provides: "Said receiver is also authorized and empowered to appear in and conduct prosecution or defense of any and all actions, proceedings or suits now pending or which may hereafter be brought in any court . . . in which the railroad company is or shall be a party. . . . Said receiver is further authorized and empowered, whether before or after any action, proceeding or suit in respect thereof shall have been begun, to compromise and settle claims and demands of all accounts which have accrued against the Railroad Company or which have arisen out of the possession, maintenance and operation by the Railroad Company of its property."

DODDS *v.* TRUST CO.

Reducing the language of the order to concrete propositions, it appears that the receivers are authorized (a) to appear and defend any and all actions prosecuted against them as receivers; (b) to compromise and settle claims arising out of possession, maintenance or operation of the property of the Railroad Company; (c) to appear and defend all pending suits or those thereafter instituted, affecting the property in the custody of the receivers.

As the court interprets the order, the wording thereof is not broad enough to constitute a general leave of court to any particular claimant to assert a liability arising prior to the appointment of the receivers. Indeed, the order is a delegation of power to the receivers and a direction as to the performance of their duties rather than an invitation to claimants to enter suits. Therefore, the court is of the opinion that the order of receivership cannot be reasonably interpreted as a specific permission to the plaintiff to institute this action.

The third question of law relates to the service upon the defendant, Carolina Railroad Company. The trial judge found as a fact that on 15 September, 1932, when the summons was served on J. C. Poe that he was then agent of the Carolina Railroad Company. However, there is no evidence in the record of such agency subsequent to June, 1932. Hence the motions made by the defendants must prevail.

Reversed.