768

## CARPENTER et al. v. INTERNATIONAL-GREAT NORTHERN R. CO. et al.

### No. 1995.

District Court, S. D. Texas, Houston Division.
Nov. 28, 1933.

Rathje, Wesemann, Hinckley & Barnard, of Chicago, Ill., Meservey, Michaels, Blackmar, Newkirk & Eager, of Kansas City, Mo., and Fulbright, Crooker & Freeman and Carl G. Stearns, all of Houston, Tex., for plaintiffs.

Harry R. Jones and Andrews, Streetman, Logue & Mobley, all of Houston, Tex., for defendants.

KENNERLY, District Judge.

July 27, 1932, plaintiffs brought this suit against the defendant International-Great Northern Railroad Company, a Texas railway corporation, in the district court of Harris county, Tex., to recover for alleged overcharges on shipments of freight over the lines of defendant railroad company. It is alleged that such shipments were made in 1929.

September 9, 1932, the case was removed into this court.

Subsequently (June and July, 1933), L. W. Baldwin and Guy A. Thompson were, by a court of bankruptcy (the District Court of the United States for the Eastern District of Missouri), appointed trustees of such railroad company under the acts of Congress relating to bankruptcy and the amendment of March 3, 1933 (title 11 and section 205, title 11 USCA), and such trustees forthwith took, and still have, possession of, and are operating, the business and properties of such railroad company under orders of such bankruptcy court.

August 26, 1933, plaintiffs filed amended pleadings, making such trustees parties defendants hereto. September 23, 1933, such trustees filed their plea, questioning the jurisdiction of this court over them, because of the failure of plaintiffs to obtain permission of the bankruptcy court to sue them. This is a hearing under District Court Rule 25 of such plea.

■ 1. That, except in cases arising under section 125, title 28 USCA, a receiver in equity may not be sued except by permission of the court appointing him, seems well settled. Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672; Oklahoma v. Texas, 265 U. S. 491, 44 S. Ct. 607, 68 L. Ed. 1116; Riehle v. Margolies, 279 U. S. 226, 49 S. Ct. 310, 73 L. Ed. 669. And if the principles announced in such cases are controlling here, the plea of the trustees must be sustained.

■ I think, however, they are not, but that the Bankruptcy Act of 1898 and amendments, including the amendment of March 3, 1933 (particularly section 29, title 11 USCA, and subdivision (l) of section 205, title 11 USCA) are controlling.

In Re Barrett & Co. (D. C.) 27 F.(2d) 159, 161, Judge Sibley uses this language (italics mine): "Again, in section 11, dealing with suits pending at the time of the bankruptcy, it is provided: '(b) The court may order the trustee to enter his appearance and defend any pending suit against the bankrupt. (c) A trustee may, with the approval of the court, be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though * * * commenced by him.' 11 USCA § 29 (b), (c). If the trustee thus defends, he, of course, is bound by the judgment; *but the act studiously subjects his entrance into litigation in other courts to the direction of the bankruptcy court.*"

While the precise question which we have here was not before Judge Sibley, I think the italicized portion of the quotation correctly states the rule.

If this court permits plaintiffs to make the trustees parties defendants hereto without the consent of the bankruptcy court, thereby making the judgment rendered here binding upon such trustees, when otherwise, under the rule in this circuit, it would not be binding [(C. C. A.) 29 F.(2d) 737], this court thereby invades the province of the bankruptcy court to give direction to the

trustees to become parties, or not to become parties, to this suit.

I think, also, that the true meaning of the amendment of March 3, 1933, is that the matter, as well as the matter of the right to stay proceedings here, is within the province of the bankruptcy court, and the bankruptcy court only. Otherwise, it would be impracticable to carry out either the letter or the spirit of the amendment.

It follows that the plea to the jurisdiction of the trustees should be sustained. Let an order be presented accordingly.