IDA ROSSER BARBER v. L. R. POWELL ET AL.

(Filed 14 October, 1942.)

**1. Removal of Causes §§ 3, 5—**

There can be no doubt that suits against receivers, appointed by a court of the United States, may be removed for trial to the United States District Court, when diversity of citizenship and the requisite amount in controversy exist; and U. S. C. A., Title 28, sec. 125, allowing suits against such receivers, without previous leave of court, has not changed the usual course and practice.

**2. Removal of Causes § 3—**

Where the jurisdiction of the courts of the United States depends upon the citizenship of the parties, it has reference to the parties as persons.

**3. Removal of Causes §§ 3, 5—**

In a civil action to recover damages for negligence, by plaintiff, a citizen and resident of North Carolina, against defendants, receivers of a railroad, citizens and residents of Virginia, the amount demanded being in excess of $3,000.00, defendants in apt time filed petition for removal to the District Court of the United States, on the ground of diverse citizenship, the order allowing petition was proper. U. S. C. A., Title 28, sec. 71.

APPEAL by plaintiff from *Stevens, J.,* at July Term, 1942, of LEE.

Civil action to recover damages for an alleged negligent injury, instituted by plaintiff, a citizen and resident of Lee County, North Carolina, against the defendants, receivers of the Seaboard Air Line Railway Company, citizens and residents of the State of Virginia.

The defendants, in apt time, filed their petition and bond for removal of the cause to the District Court of the United States for the Middle District of North Carolina for trial, on the ground of diverse citizenship. The petition was denied by the clerk, and allowed on appeal to the judge of the Superior Court. From this latter order, the plaintiff appeals, assigning error.

*K. R. Hoyle for plaintiff, appellant.*
*Varser, McIntyre & Henry for defendants, appellees.*

STACY, C. J. We have here the question whether diversity of citizenship between the plaintiff and Federal receivers of a railroad corporation gives the latter the right to remove from the State Court to the United States District Court for trial, a suit brought against them in their official capacity to recover for injuries negligently inflicted to person and property when a train operated by defendants collided with plaintiff's automobile at a grade crossing, and the amount demanded exceeds $3,000. The trial court answered in the affirmative, and we cannot say there was error in the ruling. *Davies v. Lathrop,* 12 Fed., 353.

The petition for removal, besides showing the presence of the requisite jurisdictional amount, asserts a right of removal on the ground of diverse citizenship, or that the suit is one "wholly between citizens of different States," to use the language of the Judicial Code. U. S. C. A. Title 28, sec. 71. The plaintiff is a resident of Lee County, this State. The defendants are residents of the State of Virginia. They are Federal receivers of the Seaboard Air Line Railway Company, having been appointed as such in an action pending in the United States District Court for the Eastern District of Virginia.

It is alleged that on 4 December, 1941, the plaintiff sustained an injury to her person and property amounting to $5,250.00, when her automobile in which she was driving was negligently struck by a Seaboard Air Line Railway passenger train at a street crossing in the town of Sanford, the said train being operated at the time by agents and servants of defendants.

If the defendants are entitled to stand on their own citizenship, as intimated in some of the cases, *Biggs v. Bowen,* 170 N. C., 34, 86 S. E., 692, undoubtedly the suit is between citizens of different States. *Brisenden v. Chamberlain,* 53 Fed., 307. And, nothing else appearing, this would give the defendants the right to remove the cause to the Federal Court for trial on the ground of diverse citizenship. *Tex. Pac. Ry. Co. v. Cox,* 145 U. S., 593. The suit is of a civil nature at law of which the District Court of the United States has jurisdiction. *Johnson v. Lumber Co.,* 189 N. C., 81, 126 S. E., 165. "A civil case, at law or in equity, presenting a controversy between citizens of different States, and involving the requisite jurisdictional amount, is one which may be removed from a State Court into the District Court of the United States by the defendant, if not a resident of the State in which the case is brought." *Wilson v. Republic Iron and Steel Co.,* 257 U. S., 92.

It was held in *Brisenden v. Chamberlain, supra,* that the defendant therein, receiver of the South Carolina Railroad Company, being a resident of New York, could remove for trial to the Federal Court a suit brought against him in his official capacity for causing death by wrongful act, although the railroad company itself was chartered under the laws of South Carolina, the State in which the suit was brought. The decision was grounded on the following quotation from *Amory v. Amory,* 95 U. S., 187: "Where the jurisdiction of the courts of the United States depends upon the citizenship of the parties, it has reference to the parties as persons. A petition for removal must, therefore, state the personal citizenship of the parties, and not their official citizenship, if there can be such a thing." See *Mexican Cent. Ry. Co. v. Eckman,* 187 U. S., 249, and *New Orleans v. Gaines,* 138 U. S., 430.

In the recent case of *Mecom v. Fitzsimmons Drilling Co.* (1931), 284 U. S., 183, 77 A. L. R., 904, it was observed that the Federal Courts have jurisdiction of suits by and against executors and administrators if their citizenship be diverse from that of the opposing party, although their testators or intestates might not have been entitled to sue or been liable to suit in those courts for want of diversity of citizenship.

Conceding all that is said above, the plaintiff relies upon U. S. C. A. Title 28, sec. 125, which provides: "Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property without the previous leave of the court in

which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

This section abrogated the rule that a Federal receiver could not be sued without leave of the court appointing him, and gave the citizen the unconditional right to bring his action in the local courts.  *Tex. Pac. Ry. v. Johnson,* 151 U. S., 81.  *Cf. Sellers v. R. R.,* 205 N. C., 149, 170 S. E., 632.  As said in *Gableman v. Peoria D. & E. R. Co.* (1910), 179 U. S., 335, "He ceased to be compelled to litigate at a distance, or in any other forum, or according to any other course of justice, than he would be entitled to if the property or business were not being administered by the Federal Court."

No reference is made to the right of removal, but it was observed in the *Gableman case, supra,* that the manifest object of the section "would be open to be defeated if the receiver could remove the case at his volition."  This much is here conceded.  The defendants point out, however, that the Court was there speaking to a petition filed by a Federal receiver ·to remove solely "upon the ground that it was a case arising under the Constitution and laws of the United States."  The question of diverse citizenship was neither presented nor considered, and while the language "He ceased to be compelled to litigate . . . in any other forum . . . than he would be entitled to if the property or business were not being administered by the Federal Court," under one interpretation, might be broad enough to cover a case like the present, it is recalled that in *U. S. v. Burr,* 4 Cranch, 469, *Chief Justice Marshall* opined: "Every opinion, to be correctly understood, ought to be considered with a view to the case in which it was delivered."  The question of removal on the ground of diverse citizenship was not before the Court in the *Gableman case, supra.*  14 Am. Jur., 295.

The defendants go further and concede that the instant suit is not against them "for or on account of any act done under color of his (their receivership) office," *Ray v. Ruff,* 292 U. S., 25, 92 A. L. R., 970, which, if it were, would entitle them to remove, irrespective of the amount involved or the citizenship of the parties.  U. S. C. A. Title 28, sec. 76; *Pope v. R. R.,* 173 U. S., 573.

In reply, the plaintiff says that notwithstanding the narrowness of the ground upon which the *Gableman case, supra,* might have been decided, the fact is a general interpretation of the section was announced in order to clarify its meaning and as a guide to the lower courts in future cases.  *U. S. v. Poller,* 43 F. (2d), 911, 74 A. L. R., 1382.  If more was said than necessary to a decision of the case, "it was said on full consideration and with the view of announcing the opinion of the Court on that subject."  *Burlington, Etc., R. Co. v. Dunn,* 122 U. S., 513.  Moreover, the

section applies only to receivers, and the decisions in respect of other representatives, executors, administrators, guardians, trustees, etc., are inapposite. The plaintiff further contends that the language of the opinion is not only broad enough to cover a case like the present, but was so intended, and that as such it constitutes an authoritative expression on the subject. If dictum, it was a judicial dictum, she says. 21 C. J. S., 316; 14 Am. Jur., 298. The plaintiff thus states her position forcefully and in a plausible manner, but it could hardly be supposed that contrary to the usual course and practice of the Court, a general advisory pronouncement in excess of the boundaries of the case was intended by the deliverance therein. 14 Am. Jur., 291. It is only when the jurisdiction of the Federal courts depends upon diverse citizenship that the citizenship of a receiver becomes important or is to be regarded. *Smith v. Rackliffe,* 87 Fed., 964. The right of removal in a case of this kind is purely statutory. *Berens v. Byram,* 26 F. (2d), 953.

The precise question here presented seems not to have been decided by the Court of last resort. At least, the diligence of counsel and our own research have failed to discover such a decision. The pertinent statutes and the general pronouncements of the Supreme Court, however, engender the conclusion that the right of removal exists. "There can be no doubt that suits against a receiver appointed by a court of the United States brought in the State court may be removed for trial to the United States District Court of the district where pending when diversity of citizenship and requisite amount in controversy exist"—*Ray, District Judge,* in *Matarazzo v. Hustis* (1919), 256 F., 882.

Hence, for the reasons above stated, the demurrer to the petition to remove, first interposed in the Superior Court and renewed in this Court, was properly overruled in the Superior Court and must be overruled here.

The result is an affirmance of the judgment below.

Affirmed.