### BARBER v. POWELL et al.

### No. 5058.

Circuit Court of Appeals, Fourth Circuit.

May 8, 1943.

K. R. Hoyle, of Sanford, N.C., for appellant.

L. R. Varser, of Lumberton, N. C. (R. A. McIntyre, O. L. Henry, and Varser, McIntyre & Henry, all of Lumberton, N.C., on the brief) for appellees.

Before SOPER, DOBIE, and NORTHCOTT, Circuit Judges.

DOBIE, Circuit Judge.

Plaintiff, Mrs. Ida Rosser Barber, instituted a civil action in the Superior Court of Lee County, North Carolina, against Legh Powell, Jr., and H. W. Anderson, Receivers of the Seaboard Air Line Railway Company, defendants, to recover damages of $5,250 for injuries to her person and property. These injuries were alleged to have resulted from a collision between plaintiff's automobile and a train operated by the defendants. The plaintiff is a citizen of the State of North Carolina; the Receivers, Powell and Anderson, are citizens of the State of Virginia, and Receivers of the Seaboard Air Line Railway Company by appointment of the United States District Court for the Eastern District of Virginia.

The defendants filed a petition in the State Court, seeking a removal of the civil action to the United States District Court for the Middle District of North Carolina, on the ground of diversity of citizenship. This petition was duly granted by the judge of the Superior Court of Lee County, North Carolina; and, on appeal, this was affirmed by the Supreme Court of North Carolina. Barber v. Powell, 222 N.C. 133, 22 S.E.2d 214. Plaintiff then filed in the United States District Court a motion to remand the case to the State Court, and this petition was denied by United States District Judge Hayes. The civil action was dismissed for want of prosecution and plaintiff has appealed to our Court.

This appeal presents only one question. Can the Receivers, appointed by a federal court, remove from .a state court to the United States District Court a civil action, possessing the essential requisites of jurisdiction in the latter court, *on the ground of diversity of citizenship,* under the general provisions of sentence 2 of Section 28 of the Judicial Code, 28 U.S.C.A. § 71? The lower state court, the Supreme Court of North Carolina and the United States District Judge, each in turn answered this question in the affirmative. We think they answered the question correctly. And we think further that little need be added to the admirable opinion of Chief Justice Stacy in the Supreme Court of North Carolina.

■ Plaintiff seems to concede that this case falls squarely within the provisions of the Judicial Code, § 28, 28 U.S.C.A. § 71. Yet plaintiff strenuously contends that this case is not removable by virtue of 28 U.S.C.A. § 125, and the decisions of the United States Supreme Court in Gableman v. Peoria, etc., Ry. Co., 1910, 179 U.S. 335, 21 S.Ct. 171, 45 L.Ed. 220, and Gay v. Ruff, 1934, 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970. We find nothing in that statute, and nothing in either of these cases which would sustain this contention. Title 28, Section 125, U.S.C.A. provides:

"Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

As is said in Moore's Federal Practice, Vol. 3, page 3359: "The sole purpose of the Act is to make federal receivers amenable to suit without permission of the appointing court." See American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., D.C., 10 F.Supp. 512; Id., 2 Cir., 76 F.2d 1002, certiorari denied (sub. Nom. New York City v. Murray) 295 U.S. 760, 55 S.Ct. 923, 79 L.Ed. 1702. See, also, Texas & Pacific Ry. Co. v. Johnson, 151 U.S. 81, 14 S.Ct. 250, 38 L.Ed. 81. We cannot find in this Act anything that militates against the removal of the instant case.

In the Gableman case, supra, the denial of the Receiver's right of removal was limited solely to this right when it was based exclusively on the ground that a suit against the receiver was a case arising under the Constitution or laws of the United States. The two brief head-notes to that case read:

"An action against a receiver of a state corporation is not a case arising under the Constitution and laws of the United States simply by reason of the fact that such receiver was appointed by a court of the United States."

"A receiver appointed by a Federal court may be sued in that court as well as in the state court, but if in the state court, he is not entitled to remove the cause *on the sole ground of his appointment by the Federal court.*" (Italics ours.)

Said Chief Justice Fuller, in his opinion in the Gableman case, 179 U.S. at page 338; 21 S.Ct. at page 172, 45 L.Ed. 220:

"This act abrogated the rule that a receiver could not be sued without leave of the court appointing him, and gave the citizen the unconditional right to bring his action in the local courts, and to have the justice and amount of his demand determined by the verdict of a jury. He ceased to be compelled to litigate at a distance, or in any other forum, or according to any other course of justice, than he would be entitled to if the property or business were not being administered by the Federal court.

"The object of the section is manifest, and it is equally plain that that object would be open to be defeated if the receiver could remove the case at his volition. The intention to permit this to be done cannot reasonably be imputed to Congress, and, moreover, such a right would be inconsistent with the general policy of the act."

Manifestly, we think, the learned Chief Justice, in the second paragraph just quoted was referring solely to a removal upon the exclusive ground that the suit involved a federal question. Nowhere in the opinion did the Chief Justice discuss, or even mention, a removal upon the ground of diversity of citizenship; and, quite properly, for no such question was involved in the Gableman case.

Nor is there anything in the opinion of Mr. Justice Brandeis in the Gay case that would help the plaintiff's contention. The opinion decided only as to removals: "A suit for damages for an injury resulting from negligent operation of a train is not, within the meaning of Judicial Code § 33 as amended [28 U.S.C.A. § 76], a suit 'for or on account of any act done under color of his (the receiver's) office.' The receiver here sued, although an officer of the court operating the railroad pursuant to the order appointing him, is not an officer engaged in enforcing an order of a court." 292 U.S. at page 39, 54 S.Ct. at page 615, 78 L.Ed. 1099, 92 A.L.R. 970.

Indeed, to show further that Mr. Justice Brandeis limited his decision to removals under Judicial Code § 33, he (292 U.S. at pages 33, 34, 54 S.Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970) contracts and compares removals under Judicial Code § 33 (solely involved in the Gay case) and removals under Judicial Code § 28, under which a removal is sought in the instant case.

There is a rather remarkable lack of judicial authority on the precise problem before us. Counsel for plaintiff insists that this is due to the fact that such removals have rarely been sought; counsel for defendants (with equal insistence, and, we think, with better reason) urge the explanation that the right of removal here has been so generally recognized that the question has seldom been raised in the courts.

Such authorities, however, as the diligence of counsel and our own independent search have brought to light, favor the right of removal. In Matarazzo v. Hustis, D.C., 256 F. 882, 891, District Judge Ray said: "There can be no doubt that suits against a receiver appointed by a court of the United States brought in the state court may be removed for trial to the United States District Court of the district where pending when diversity of citizenship and requisite amount in controversy exist."

The right of removal here involved was expressly upheld by District Judge (afterwards Circuit Judge, 4th Circuit,) Simonton in Brisenden v. Chamberlain, C.C., 53 F. 307. And this case held, too, that for the purposes of removal, the personal citizenship (domicile) of the receiver (not that of the corporation of which he was receiver) should govern. Cf. Amory v. Amory, 95 U.S. 186, 187, 24 L.Ed. 428; Mexican Central Ry. Co. v. Eckman, 187 U.S. 429, 23 S.Ct. 211, 47 L.Ed. 245; Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904. See, also, the opinion of Circuit Justice Blatchford, sitting in the United

States Circuit Court, in Davies v. Lathrop, 12 F. 353.

 The general principles and what might be called the fundamental philosophy of the federal removal statutes, we think, clearly justify the right of the receivers to remove the instant case. Section 28 of the Judicial Code, 28 U.S.C.A. § 71, has been called the General Removal Act. Subsequent sections of the Judicial Code, which make express provision for removals in specified exceptional cases, in no way limit the ambit of the broader provisions of the General Removal Act. This was rather clearly indicated by Mr. Justice Brandeis in his opinion in Gay v. Ruff, 292 U.S. 25, 33, 34, 54 S.Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970, when he contrasts and compares removals under Section 28 of the Judicial Code (the General Removal Act) with removals under narrower provisions of Section 33 of the Judicial Code, 28 U.S.C.A. § 76 (civil suits or criminal prosecutions against federal officers).

The judgment of the District Court is affirmed.

Affirmed.