Louis L. Friedman, J.
Plaintiff moves, under section 192 of the Civil Practice Act, for leave to add a trustee in bankruptcy (hereinafter referred to as “ the trustee ”), as a party defendant to this action, and to amend the complaint accordingly and, upon the foregoing relief being granted, for leave to serve a supplemental summons upon said trustee. Plaintiff further seeks leave to serve an amended complaint containing appropriate allegations which will fully and adequately set forth the causes of action sought to be asserted by him.
The motion is opposed by the defendants herein, and the main ground of opposition is that the said trustee has not been authorized by the bankruptcy court to appear herein, nor has any application for such authorization been made in the Federal court by either the plaintiff or the trustee.
The court is satisfied that leave of the Federal court is necessary, and that plaintiff may not compel a trustee to intervene, in the absence of such leave (Sett v. Spiegel, 202 N. Y. S. 650; Carpenter v. International-Great Northern R. R. Co., 5 F. Supp. 768).
It is clear that since the defendant Raytone Screen Corp., which executed the chattel mortgage and factor’s lien referred *685 to in this action, is an adjudicated bankrupt, that this court is without jurisdiction (Rice v. Chapman, 234 App. Div. 279). Any right which may exist to set aside a fraudulent transfer and recover property so transferred, or its value, is vested in the trustee alone (Matter of Gray, 47 App. Div. 554).
In the second cause of action, plaintiff asks for money damages on the ground that defendants committed certain fraudulent acts, and by reason thereof, induced plaintiff to consent to the execution by the present bankrupt of the said chattel mortgage and factor’s lien. It is further alleged in said second cause of action that it was these fraudulent acts and the foreclosure which came about as a result thereof, which resulted in the loss to the said Raytone of its business and assets, and that in turn, by reason thereof plaintiff’s stock in said corporation became worthless.
What plaintiff seeks to assert, in effect, is a cause of action in a stockholder’s derivative action, but he is not suing in behalf of the corporation or its stockholders but merely as an individual stockholder. As such, he has no right to maintain an action to recover damages because of a conspiracy which may have existed amongst the officers of the corporation, even though as a consequence of their conspiracy, if such existed, his own shares of stock became of no value (Niles v. New York Central & Hudson Riv. R. R. Co., 176 N. Y. 119; Reloff v. Consolidated Edison Co., 300 N. Y. 11, 18).
Accordingly, plaintiff’s motion is in all respects denied.
Submit order.