DAVIES and another, Adm'rs, etc., *v.* LATHROP, Receiver, etc.

*(Circuit Court, S. D. New York. March 9, 1882.)*

1. REMOVAL OF CAUSE—ACTION FOR CAUSING DEATH—JURISDICTION.

A suit for damages for death caused by negligence, brought against a receiver of a corporation in a state court of New York, was, on motion, removed into the circuit court for that district, on the ground that such receiver was a citizen of New Jersey. The suit had been brought under a statute of the state of New York permitting such suits to be brought for $5,000 damages. At the trial plaintiff amended his complaint by inserting a claim for damages under the statute of New Jersey, which gave permission to bring such suit, with no limit to the amount of damages specified. *Held,* on motion to remand the cause to the New York state court, that this court had jurisdiction notwithstanding defendant had been appointed ancillary receiver in the state of New York.

2. RECEIVER—CITIZENSHIP.

A receiver is a representative as much as an executor, and his personal citizenship will be regarded on a motion to remand the cause to the state court.

*B. Loewy,* for plaintiffs.

*R. W. De Forest,* for defendant.

BLATCHFORD, C. J. This suit was begun in the supreme court of New York in August, 1879. It is brought to recover $5,000 damages for the death of the intestate of the plaintiffs caused at South Amboy, in New Jersey, by a train on the railroad of the Central Railroad Company of New Jersey, in June, 1879, while the road was being operated by the defendant, as receiver of the company, through his employes who were running the train. The complaint is manifestly framed on a liability of the defendant in a court of New York, under a statute of New York. The complaint alleges that the defendant "is receiver" of the railroad, "a corporation which was doing business in fact under the laws of this state, having its principal office, now the office of said receiver, in said city of New York;" that "he became receiver duly by appointment of court;" that "as such receiver" he was, in June, 1879, managing and operating the road; and that "while so operating said road" he, through his employes engaged in running a train on said road, killed the intestate by negligence at South Amboy. The complaint then states that the suit is brought for $5,000 damages done by such killing to the next of kin of said intestate, a son and her husband, and that the "plaintiffs, as her personal representatives, for the benefit of and as compensation for injury done to her next of kin, and under the statute of said state of New York, pray judgment for the full amount, to-wit, said amount of

$5,000 statutory damages, against said defendant, as well as for costs of this action, permission to bring which was given to plaintiffs by order of this court August 20, 1879; or, likewise for the benefit of those indicated by said statute, plaintiffs, as such representatives, pray judgment against said defendant for such relief as to the court shall seem just." This complaint does not allude to a statute of New Jersey. Though it does not say that the defendant was appointed receiver by a court of New York, it alleges permission given by the supreme court of New York to bring the suit. The suit, as made by the complainant, must be regarded as one brought on a statute of New York against the defendant as a New York receiver.

In August, 1879, the defendant put in, in the state court, an answer to the complaint, alleging that he was duly appointed receiver of the company, by the court of chancery of New Jersey, in February, 1877; that two days thereafter he was duly appointed by the supreme court of New York receiver of the property of the company situate within the state of New York; that such last appointment was in connection with and ancillary to his appointment as receiver by the court of chancery of New Jersey; and that, pursuant to his appointment as receiver by the chancellor of New Jersey, he operated said railroad during June, 1879. He admitted the killing of the intestate at South Amboy, New Jersey, and the existence of said next of kin, and the permission of the New York court to bring "this action," and denied the alleged negligence.

In October, 1879, the defendant, as a citizen of New Jersey, the plaintiffs being citizens of New York, removed the suit into this court, the state court making an order of removal. In January, 1882, the suit came on for trial in this court before a jury. The court, at the trial, allowed the plaintiffs to amend their complaint by inserting at the end thereof, immediately before the prayer for relief, an allegation that the statute of New Jersey in force at the time of the death of the intestate provided as follows, (setting it forth;) it being a statute giving, in case of the death of a person by neglect, where he would have had an action for damages for injury if he had lived, an action for damages to his personal representatives for the benefit of his next of kin, no limit to the amount of damages being specified. At the same time the defendant was allowed to amend his answer by inserting the order of the New York court granting leave, and alleging that no other leave to sue was ever granted to the plaintiffs. The leave was "to bring an action in this court against said Francis S. Lathrop, receiver of the Central Railroad of New Jersey, acting as

such within the jurisdiction of the court, for the alleged wrongful killing of said decedent through negligence and carelessness." The defendant was also allowed to amend his answer so as to admit permission to bring "an action," instead of "this action." At the trial, the order of leave made by the New York court, and the order of the New York court appointing the defendant receiver of the property of the company "situate within the state of New York," in connection with and ancilliary to his receivership under his New Jersey appointment, and the fact that the company was a New Jersey corporation, and papers showing the receivership under the New Jersey appointment, were put in evidence, (the court having excluded the plaintiffs' offer to prove the facts stated in the complaint,) and the defendant moved the court to dismiss the complaint, on the grounds that, as to the defendant as a New Jersey receiver, the court had no jurisdiction of the suit; and that, as to the defendant as a New York receiver, the complaint contained no cause of action. The court decided that the complaint must be dismissed on those grounds, but no order or judgment to that effect has been entered. The plaintiffs now move to remand the cause to the state court on the ground that it "does not really and substantially involve a dispute or controversy properly within the jurisdiction of this court." The question as to the propriety of the removal, or as to remanding the cause, was not presented at the trial.

The plaintiffs contend that as the defendant was sued as a receiver appointed by the New York court, by its leave, and in it, he must, though personally a citizen of New Jersey, be regarded, for the purposes of the removal, as a citizen of New York; that the leave granted by the New York court was to sue in that court its own officer; and that the suit was not brought against the New Jersey officer.

The defendant contends that the citizenship of the parties personally was different, and sufficient to warrant the removal; that the suit being brought against the defendant as a New York receiver, there was jurisdiction as to the subject-matter alleged in the complaint, and as to the person of the defendant, and there was diversity of citizenship, and the only defect as to the New York receiver was that there was no cause of action, on the facts alleged in the complaint, even if they were proved; that the duty of the court, under section 5 of the act of March 3, 1875, (18 St. at Large, 472,) where it has no jurisdiction of the controversy, is "to dismiss the suit or remand it," and it has already decided to dismiss it; and that

the motion is too late, because it is made after the plaintiffs submitted to and invoked the jurisdiction of this court at the trial.

This case must first be considered in reference to its condition when it was brought and when it was removed into this court. There was then in force a statute of New York (act of December 13, 1847, c. 450; act of April 7, 1849, c. 256; act of March 16, 1870, c. 78) providing for suits by the personal representatives of a deceased person to recover damages for his death by wrongful neglect, not exceeding $5,000. The New Jersey act, set up by said amendment, was passed March 3, 1848, immediately after the first New York act, and in substantially the same words, not being limited to $5,000; the amount being limited to $5,000 by the New York act of 1849. The New York act does not in terms require that the wrongful neglect or the death should have occurred within the territorial limits of New York. The original complaint is based on the view that, although the occurrence took place in New Jersey, on a railroad there, damages for the death could be recovered in a New York court, by virtue of the New York statute, from the receiver alleged to have caused the death, he being an appointee of the New York court, and that court having granted permission to bring the suit. The case, as made by the original complaint, had no reference to the New Jersey statute, or to an appointment of the defendant as receiver by the New Jersey court, and, of course, there was no occasion for the plaintiffs then to allege or show any leave by the New Jersey court to bring the suit. Accordingly, in his answer, the defendant set up that he was appointed receiver of the company by the New Jersey court; that he was afterwards appointed by the New York court receiver of the property of the company in New York; that the latter appointment was ancillary to the former; that he was operating the road by virtue of his New Jersey appointment; that the intestate was killed at South Amboy, in New Jersey; and that permission to bring this suit was given by the New York court. The answer demanded judgment for the dismissal of the complaint.

The cause of action thus shown by the original complaint, at the time of the removal, involved a subject-matter of which this court could take jurisdiction. There could be no objection to suing the receiver as a New York receiver, because the court which appointed him had given leave to sue him. No restriction arising out of the words, in the order of permission, "acting as such within the jurisdiction of the court," as applied to the fact set out in the original

complaint, seems to have been supposed to exist. None such is set up in the original answer, and there was a general appearance by the receiver, and a general answer, and no allegation of want of jurisdiction, and an admission that the order gave permission to bring "this action." Then the removal petition was presented, based on diversity of citizenship. The record was filed in this court November 6, 1879, by the defendant. The plaintiffs never made any motion to remand, but went to trial.

Was the cause a removable one, and within the jurisdiction of this court, as it stood down to the time the pleadings were amended? The order of the New York court, appointing the defendant receiver, appoints him receiver of the property of the company in the state of New York, or which shall come within that state, and of such property only. It gives him the usual powers of receivers, restraining him from selling any of said property without the order of the court, but allowing him to use the same to operate the railroad and the ferry-boats of the company. It then enjoins all persons from taking any proceeding against the company, "or its property within the state of New York, or from obtaining any preference over other creditors as against the same." It then orders that the defendant be deemed receiver of said property "in connection with and ancillary to his receivership under and by virtue of any appointment of himself as receiver by the court of chancery of the state of New Jersey." The order of leave made by the New York court gives permission to the plaintiffs "to bring an action in this court" for the alleged wrongful killing; that is, in the supreme court of New York. But afterwards, on the petition for removal, that court made the order removing the suit into this court for trial, and declaring that it would proceed no further therein. That is equivalent to leave to bring and prosecute the suit in this court, so far as any objection or restriction by the New York court is concerned. It left open only the question whether this court could, by reason of the citizenship of the parties, acquire and retain jurisdiction of the suit. The fact that the defendant was appointed a receiver by the New York court does not deprive this court of its jurisdiction derived from the fact of his being a citizen of New Jersey, while the plaintiffs are citizens of New York, and from the removal proceedings, when the state court has thus expressly sanctioned the removal to this court. Therefore, the removal was regular and proper when it was made.

Adding to the complaint the allegation as to the New Jersey statute and its provisions did not destroy or alter the cause of action already

attempted to be set forth in it against the New York receiver, under the New York statute. This is shown by the fact that in the order amending the complaint is found the provision amending the answer by inserting the order of the New York court granting leave, and alleging that no other leave to sue was granted. At most, under the pleadings, the original cause of action was left untouched, and another one was added. At the trial, the suit seems, under the amended pleadings, to have been regarded as a suit under both statutes against both receivers. This court, having jurisdiction of it as respected the New York receiver and the cause of action alleged against him under the New York statute, and having jurisdiction by the citizenship of the parties, and by reason of the subject-matter, and by the permission and order of the New York court, proceeded, as it had a right to do, to adjudicate as to the merits of such cause of action, and decided against the plaintiffs thereon. It then also decided against any cause of action as respected the New Jersey receiver, for want of jurisdiction, which must have meant that the want of jurisdiction was that there was no leave to sue given by the New Jersey court, the cause of action having arisen in New Jersey. Absence of such leave took away the jurisdiction of this court as respected the New Jersey receiver. This is fully decided in *Barton* v. *Barbour*, 14 Chi. Leg. N. 185, a recent case in the supreme court of the United States. But that is not sufficient cause for remanding the suit. It might have been sufficient cause for striking out any cause of action against the New Jersey receiver, and it was sufficient cause for dismissing the complaint as to the New Jersey receiver. The original alleged cause of action against the New York receiver remained, however, and, if the amendments to the complaint were to be considered as only adding an allegation of a cause of action against the New York receiver, founded on the New Jersey statute, the decision that the complaint, as amended, did not state a cause of action against the New York receiver, was a decision on the merits, as respected a cause of action under either statute, in a suit of which, as before shown, the court had jurisdiction.

The defendant, while an officer of the New York court and sued as such, was a citizen of New Jersey. He was a representative as much as an executor or a trustee is. In fact, he was a trustee. The personal citizenship of the executor or trustee is what is regarded. *Rice* v. *Houston*, 13 Wall. 66; *Knapp* v. *Railroad Co.* 20 Wall. 117, 123. The New York court, by the order of removal based on the New Jersey citizenship, authorized this court, as against the New

York court, to treat the defendant as a citizen of New Jersey, sued for a recovery of $5,000 and costs. It confided to him the responsibility of defending the suit, and this court has a right to deal with his personal citizenship on the question of removal.

It follows that the motion to remand must be denied.