**SPROWLS et al. v. JOHNSON, Bank Commissioner, et al.**

**No. 1814.**

District Court, W. D. Oklahoma.

March 17, 1938.

Perry Madden, of Cheyenne, Okl., and Clayton Carder, of Hobart, Okl., for plaintiffs.

Houston E. Hill, of Oklahoma City, Okl., for defendant Bank Commissioner.

Everest, McKenzie & Gibbens, of Oklahoma City, Okl., for defendant Federal Deposit Ins. Corporation.

VAUGHT, District Judge.

The plaintiffs filed this action in the District Court of Roger Mills county, state of Oklahoma, alleging a deposit in a failed state bank, to wit, First State Bank of Cheyenne, Okl.; that at the time said bank closed by order of the bank commissioner of the state of Oklahoma, on or about the 25th day of March, 1935, plaintiffs had on deposit in said bank the sum of $5,498.61; and, that at the time of the failure of the said bank, plaintiffs were not indebted to said First State Bank of Cheyenne in any sum whatsoever.

The plaintiffs further allege that some time during the year 1934, said First State Bank of Cheyenne, under the authority of the Federal Deposit Insurance Act, 12 U.S. C.A. § 264 and note, became a member of the Federal Deposit Insurance Fund by reason of which, the bank having become insolvent, after the 1st day of July, 1934, all of the deposits in said bank as to each pa-

tron were insured to the extent of $5,000 by the defendant Federal Deposit Insurance Corporation.

Before the answer date, the defendant Federal Deposit Insurance Corporation filed its petition for removal in the District Court of Roger Mills county, praying that said cause be removed to the United States District Court for the Western District of Oklahoma and alleged in its petition the nature of the action; that the controversy exceeded the sum or value of $3,000, exclusive of interest and costs; and that said action arises under the laws of the United States.

It also alleged diversity of citizenship, but is not relying, in its resistance to the motion to remand, on diversity of citizenship, but on the proposition that this action is brought under and by virtue of the provisions of the federal statute.

The petition to remove was denied by the state district court. Thereafter, the defendant Federal Deposit Insurance Corporation filed its petition in this court praying for removal to this court and a restraining order pending hearing. The cause was removed upon an order of this court.

The defendant Howard C. Johnson, as bank commissioner of the state of Oklahoma, has filed his motion to remand alleging that this court has no jurisdiction of the person of the defendant Howard C. Johnson, bank commissioner of the state of Oklahoma; that under the laws of Oklahoma, the said defendant Howard C. Johnson, as bank commissioner, has exclusive right of liquidation of an insolvent state bank; that the state statutes set up special procedure for presenting a claim against the assets of an insolvent state bank and against the state bank commissioner; under whose jurisdiction the liquidation of state banks are had; and, that therefore the cause of action is exclusively within the jurisdiction of the District Court of Roger Mills county, Okl.

The federal statute referred to in this case is known as the Federal Deposit Insurance Act, title 12 U.S.C.A. § 264 and note, and provides for the creation of the corporation and for the appointment, qualifications, terms of office and compensation of its directors; for capital stock and the subscription thereto, the voting rights and the dividends; for insuring deposits in member banks; that state banks, with the consent of the state, may become members and are entitled to insurance by said corporation, insuring all individual deposits to the amount of $5,000; and, further provides:

"Whenever any insured State bank (except a District bank) shall have been closed by action of its board of directors or by the authority having supervision of such bank, as the case may be, on account of inability to meet the demands of its depositors, the Corporation shall accept appointment as receiver thereof, if such appointment is tendered by the authority having supervision of such bank and is authorized or permitted by state law. With respect to any such insured State bank, the Corporation as such receiver shall possess all the rights, powers and privileges granted by State law to a receiver of a State bank." 12 U.S.C.A. § 264(l)(5).

In order that the state banks in Oklahoma might avail themselves of the advantages of insuring their deposits under this law, the Legislature of the state of Oklahoma enacted chapter 40, article 3, Oklahoma Session Laws 1935, 6 Okl.St.Ann. §§ 181-188, sections 3 and 4 of which are as follows, 6 Okl.St.Ann. §§ 183, 184:

"Section 3. Insolvency—Liquidating Agents—FDIC—Powers.

"The Federal Deposit Insurance Corporation is hereby authorized and empowered to be and act, without bond, as a liquidating agent of the State Bank Commissioner for any closed banking institution, the deposits in which are to any extent insured by said Corporation, and the State Bank Commissioner shall have the right and authority in the case of any closed banking institution, to tender to said corporation the appointment as liquidating agent for such closed banking institution. Upon the acceptance of such appointment the said Corporation shall have and possess all the duties, powers and privileges granted by the laws of this State to individual liquidating agents, attorneys or employees designated by the State Bank Commissioner except in so far as such powers, privileges and duties are in conflict with the provisions of Section 12B of the Federal Reserve Act as amended (Section 8 of the Federal 'Banking Act' of 1933'). Said Corporation shall be entitled to compensation for its services as such liquidating agent, in an amount approved by the State Bank Commissioner and not in excess of amounts which individual liquidating agents, employees and attorneys might reasonably have been entitled

to for their services in liquidating the same institution.

"Section 4. *Insured Deposits—Subrogation.*

"Whenever any banking institution shall have been closed pursuant to law, and the Federal Deposit Insurance Corporation shall have paid or made available for payment, the insured deposit liabilities of such closed banking institution, said Corporation, whether or not it shall have become liquidating agent of said closed banking institution as herein provided, shall be subrogated to all rights of the owners of such deposits against such closed banking institution, in the same manner and to the same extent as subrogation of the Corporation is provided for in subsection (1) of Section 12B of the Federal Reserve Act as amended (Section 8, Federal 'Banking Act of 1933') in the case of a closed National Bank; provided, that the rights of such depositors and other creditors of such closed banking institution shall be determined in accordance with the laws of this State."

It is alleged in the petition and in the motion to remand that the Legislature of Oklahoma enacted legislation to permit state banks to become members of the Federal Deposit Insurance Fund; that, upon the failure of this bank, the bank commissioner did request the Federal Deposit Insurance Corporation to act as receiver of said bank and the defendant Federal Deposit Insurance Corporation assumed the duties of receiver and administered the affairs of said bank.

Under the Federal Deposit Insurance Act, when said corporation became the receiver of a state bank, it had all of the powers that a state receiver would have had or that the state bank commissioner would have had as receiver.

It became the duty of the receiver, therefore, to determine who were depositors, what amount each depositor had in said bank, and what deposits were insurable.

The court is, therefore, of the opinion that the receiver of this bank is the principal defendant. Certainly, no judgment against the bank commissioner would

be proper except for sums due from the assets of said bank to a depositor over and above the $5,000. However, that is a matter to be determined by the receiver as much as it is by the bank commissioner because the corporation is in fact the receiver of the bank, not only to the extent of the insured deposits, but for all purposes.

The court is in entire sympathy with the state bank commissioner in his contention that state courts should be permitted to administer state laws, and is certainly not inclined to increase or extend the jurisdiction of federal courts. At the same time, this court has no power over Congress and in this case, Congress has, by this act, taken jurisdiction of the liquidation of state banks, who become members of the Federal Deposit Insurance Corporation with the consent of the state. Congress certainly has this power and the state not only does not object to Congress exercising this power, but consents, by the passage of the act hereinbefore stated, to the exercise of the power contemplated in the Federal Deposit Insurance Act over state member banks. It was a matter for the state to determine whether or not it wanted to surrender jurisdiction of the administration of insolvent state banks to a corporation organized by the federal government and since the Legislature has, apparently, willingly surrendered this jurisdiction, this court cannot refuse to exercise its statutory jurisdiction.

The court is of the opinion that the interpretation of the Federal Deposit Insurance Act is involved and the court is not deprived of jurisdiction to interpret state acts that may be incidentally involved in the case.

This case was, in the judgment of this court, properly removed. The motion to remand, therefore, is overruled and an exception allowed.

The Federal Deposit Insurance Corporation, having already answered in this case, the defendant state bank commissioner is allowed fifteen days from this date to file his answer. The plaintiffs and the defendant Federal Deposit Insurance Corporation are allowed ten days thereafter to reply.