James R. FREELING, Appellant,

v.

Carl B. SEBRING, individually and as Banking Commissioner of the State of Oklahoma; Capitol State Company, an Oklahoma corporation; Capitol Hill State Bank, an Oklahoma corporation; Capitol Hill State Bank and Trust Co., an Oklahoma Banking corporation; John J. Houlihan; Martin Legere; Grand Bank of Bahamas, Ltd., a Bahama Islands Corp., Hartford Accident and Indemnity Company, a Connecticut corporation; Westchester Fire Insurance Co. of New York, a New York corporation, and Federal Deposit and Insurance Corporation, a corporation, individually and as Liquidator of the Capitol Hill State Bank, Appellees.

No. 6688.

United States Court of Appeals Tenth Circuit.

Oct. 27, 1961.

Sam W. Moore, Oklahoma City, Okl., for appellant.

Finis O. Stewart, John H. Cantrell and Bryce A. Baggett, Oklahoma City, Okl., for appellees.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from an order of the District Court dismissing, for want of federal jurisdiction, an action based on the existence of a substantial question arising under the laws of the United States.

The pertinent facts are that Appellee-Sebring, acting in his capacity as Oklahoma State Banking Commissioner, closed the Capitol Hill State Bank and appointed the Federal Deposit Insurance Corporation (F.D.I.C.) as liquidating agent therefor. Appellant-Freeling is a depositor, stockholder and the deposed president of the bank. The appointment of the F.D.I.C. to act for the State Banking Commissioner as liquidating agent of the bank is specifically authorized under the law of the State of Oklahoma [1]

and permission to so act is extended to it by federal statutory authority providing that, "(W)henever any insured State bank * * * shall have been closed * * * the Corporation shall accept appointment as receiver thereof, if such appointment is tendered by the authority having supervision of such bank and is authorized or permitted by State law." 12 U.S.C.A. § 1821(e).

The amenability of the F.D.I.C. to civil process is governed by 12 U.S.C.A. § 1819, empowering it to sue and be sued, and providing further that, "(A)ll suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States: Provided, (T)hat any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States." Congress thus has authorized the F.D.I.C. to act simultaneously in the dual capacity of a federal insuror and as a state receiver and has discerningly provided for federal jurisdiction of claims against it as a federal insuror, while denying federal jurisdiction over claims arising out of its activities as a state agent.

Appellant seems to concede, as he must, that federal jurisdiction is here dependent upon the allegations lodged against the F.D.I.C. The critical issue therefore is whether the stated claims are against the F.D.I.C. in its federal capacity as insuror or whether they are against the F.D.I.C. in its ancillary capacity as "receiver of a State bank" involving "only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law * * *."

The complaint, as amended, states that the F.D.I.C. is joined in the case

---

1. 6 O.S.A. § 183 provides that, "(T)he Federal Deposit Insurance Corporation is hereby authorized and empowered to be and act * * * as a liquidating agent of the State Bank Commissioner for any closed banking institution * * * and the State Bank Commissioner shall have the right and authority * * * to tender to said corporation the appointment as liquidating agent * * *."

"in its individual capacity and as purported liquidator" of the bank. The complaint acknowledges that, in respect to this "individual capacity", i. e., as insuror, the F.D.I.C. " * * * should be determined to be acting in good faith * * * " and prays that the F.D.I.C. be required to pay to Appellant the $2,500.-00 he had on deposit at the time the bank was closed.

In Sprowles v. Johnson, D.C., 23 F. Supp. 63, relied upon by Appellant, the F.D.I.C. was, as here, acting in the dual capacity of federal insuror and state liquidating agent. An action by depositors of that bank, seeking recovery of the insured portion of their deposits, was filed in state court and removed to federal court. Apparently, the basis for the federal jurisdiction there exercised was the claim against the F.D.I.C. as federal insuror. In any event, under our view of the matter, it was the only tenable basis for such jurisdiction.

Here, Appellant's claim for $2,500.00, as did the claim in the Sprowles case, presents a question arising under the laws of the United States, but federal jurisdiction depends additionally upon whether the matter in controversy exceeds the sum or value of $10,000.00. See 28 U.S.C.A. § 1331. In the Sprowles case the claim against the F.D.I.C., as insuror, satisfied the jurisdictional amount then required while the correlative claim in our case does not.

Additionally, the complaint alleges that the appointment of the F.D.I.C. as liquidating agent for the bank was illegal by reason of the failure of Appellee-Sebring to comply with the statutory law of the State of Oklahoma; that the F.D.I.C., as such liquidating agent, had acted in an irresponsible manner and had conspired with and aided and abetted others of the Appellees in breaching the fiduciary duties owed the stockholders of the bank; and prayed the court to remove the F.D.I.C. from its position as liquidating agent and to appoint a receiver. Under these allegations, the posture of the F.D.I.C. as a party to the action was precisely that of a "receiver of a State bank"

allegedly answerable for breaches of the "rights or obligations" owed the "depositors, creditors, stockholders and such State bank under State law" and that, under the clear mandate of the statute, the claims "shall not be deemed to arise under the laws of the United States."

Affirmed.