**FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver For the State Bank of Prairie City, Prairie City, Iowa, Plaintiff,**

v.

**NATIONAL SURETY CORPORATION, Defendant.**

Civ. No. 72–43–2.

United States District Court,
S. D. Iowa, C. D.

Aug. 15, 1972.

J. N. Diehl, Newton, Iowa, and Myers N. Fisher, Washington, D.C., for plaintiff.

Donald A. Wine and Robert F. Holz, Jr., Des Moines, Iowa, for defendant.

MEMORANDUM AND ORDER

HANSON, Chief Judge.

This suit, which the plaintiff asks to be remanded for lack of jurisdiction, was originally filed in State Court by the Federal Deposit Insurance Corporation as Receiver for the State Bank of Prairie City, Iowa against the National

Surety Corporation. The F.D.I.C. alleged that the employees of the Prairie City State Bank were bonded by the National Surety Corporation to provide payment to the bank for losses sustained through any dishonest, fraudulent or criminal act of any employee and that dishonest and unlawful actions of the President of the bank resulted in an $841,634.62 loss. Defendant, National Surety Corporation, removed the action to this Court invoking the Court's diversity of citizenship jurisdiction under Title 28, U.S.C., Section 1332 and federal question jurisdiction under Title 12, U.S.C., Section 1819 and 28 U.S.C., Section 1331.

The F.D.I.C. in a Motion to Remand challenges diversity of citizenship jurisdition upon the basis that the F.D.I.C. is a citizen of the United States, and *not* of any particular state, concluding that no diversity jurisdiction is possible. Federal question jurisdiction is challenged because of the provision of 12 U. S.C., Section 1819, which states there will be federal question jurisdiction in suits by or against the F.D.I.C. " . . . except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States . . . . "

■■ Contrary to the contention of the defendant, when an action by or against a receiver is removed to a federal court, the citizenship of the receiver and not the party he represents is controlling in determining diversity of citizenship jurisdiction. Davies v. Lathrop, 12 F. 353 (C.C.1882); Brisenden v. Chamberlain, 53 F. 307 (C.C.1892); Barber v. Powell, 222 N.C. 133, 22 S.E. 2d 214 (1942). In this case the citizenship of the F.D.I.C. is controlling as to diversity of citizenship jurisdiction.

■ The problem is that the F.D.I.C. is chartered by the federal government and has citizenship in no particular state for diversity of citizenship purposes. Thus no diversity of citizenship can exist. Bankers' Trust Co. v. Texas & P. R. Co., 241 U.S. 295, 36 S.Ct. 569, 60 L.Ed. 1010 (1915); Rice v. Disabled American Veterans, 295 F.Supp. 133 (D.D.C.1968); First Carolinas Joint Stock Land Bank v. New York Title & Mortgage Co., 59 F.2d 350 (E.D.S.C. 1932); Harris v. American Legion, 162 F.Supp. 700 (S.D.Ind.1958), affirmed per curiam, 261 F.2d 594 (7th Cir. 1959). The defendant has asserted that the F.D.I.C. and most other federal agencies and corporations are citizens of the District of Columbia for diversity of citizenship purposes when their principal place of business is located in Washington, D. C. As authority Garden Homes, Inc. v. Mason, 238 F.2d 651 (1st Cir. 1956) and 249 F.2d 71 (1st Cir. 1957), cert. denied, 356 U.S. 903, 78 S. Ct. 562, 2 L.Ed.2d 580 (1958) is cited which states the Federal Housing Administration is to be treated as a federal corporation and a citizen of the District of Columbia for diversity of citizenship purposes.

■ This Court declines to follow the above case decided by the First Circuit on authority of the contrary cases cited above, although the Court feels there is some merit to the argument that the F. D.I.C. has a principal place of business in Washington, D. C. and could be considered a citizen of the District of Columbia under Title 28 U.S.C., Section 1332(c) which provides that " . . . a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its *principal* place of business. . . . " (Emphasis added.) However, when Congress passed the amendment to Section 1332(c) in 1958 which made a corporation a citizen of the State of its principal place of business, the intention was to limit jurisdiction of the federal courts. Here the defendant is trying to use this same amendment to expand federal jurisdiction for cases involving federal corporations.

If federal corporations whose principal place of business is located in the District of Columbia were to be considered citizens of that District, diversity jurisdiction would be expanded to almost all suits involving federally chartered corporations. This would be a result not intended by Congress. Before 1948 all suits by or against any federally chartered corporation were deemed to involve a federal question. In 1948 Title 28 U.S.C., Section 1349 was passed by Congress providing that a federal question is involved only in suits where over one-half of the stock of the federal corporation is owned by the United States. This Congressional attempt to limit federal court jurisdiction would be nullified by defendant's interpretation of diversity jurisdiction which would give federal jurisdiction to almost all suits involving federally chartered corporations. Without clearer authority, this court declines to expand its jurisdiction into this new area.

The Court also finds no basis for federal question jurisdiction in this suit. Title 12 U.S.C., Section 1819, clearly states there shall be federal question jurisdiction in suits by or against the F.D.I.C. " . . . *except* that such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State banks under State law shall not be deemed to arise under the laws of the United States." (Emphasis added.) The F.D.I.C. is suing in its capacity as Receiver of the Prairie City State Bank in this case to enforce the rights of depositors, creditors, stockholders, and such State bank under State law. This places the case within the meaning of that part of Title 12, U.S.C., Section 1819, limiting federal question jurisdiction.

The defendant urges that the F.D.I.C. can be acting in two capacities as both receiver of the State bank and in the capacity of insurer of the deposits of the bank. Freeling v. Sebring, 296 F.2d 244 (10th Cir. 1961). Defendant argues that because the F.D.I.C. is subrogated to 95% of the claim it is also involved in its capacity as insurer of the deposits and that this interest of the F.D.I.C. creates federal question jurisdiction. This Court recognizes the fact that the F.D.I.C. might be the ultimate recipient of a large portion of any possible recovery in the suit, but the F.D.I.C. is still asserting only claims of depositors, stockholders, and the State bank as receiver of this bank. Thus this case falls within the meaning of the exception to federal question jurisdiction in Title 12 U.S.C., Section 1819.

The F.D.I.C. will almost always have an indirect financial interest in any litigation as receiver of a State bank where it has insured the deposits. If this indirect financial interest of the F.D.I.C. automatically created federal question jurisdiction, the intent of Congress in the above statute to limit federal question jurisdiction would be negated.

Federal courts in the unreported cases of Bank of Pine Apple v. National Surety Corporation, Civil Action No. 4902-68-P (S.D.Ala.1968), and Federal Deposit Insurance Corporation v. Insurance Company of North America, Civil Action No. 4915 (E.D.Tex.1968), have also declined to find federal jurisdiction in similar circumstances to the case at point.

Accordingly, it is ordered that this case be remanded to the Iowa District Court in and for Jasper County.