Isadore GROSS, Sr., and Myrtle D. Dooley, Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORP., Defendant and Counterclaimant,

v.

Isadore GROSS, Sr., G. Lawrence Blankinship, Jr., Gerald W. Hall, Russell C. Hunter, John Scott Moore, Chester C. Owens, Walter R. Peterson, M.D., Michael L. Sanders, Donald D. Sewing, Willard C. Shelton, I.H. Henderson, Sr., Robert Rostell Mansfield, Mary Jane Myers, and Olivia V. Ragland, Counterclaim Defendants.

Civ. A. No. 83–2253.

United States District Court, D. Kansas.

May 29, 1985.

Charles White Hess, Linde, Thomson, Fairchild, Langworthy, Kohn & Van Dyke, Overland Park, Kan., Albert Thomson, Linde, Thomason, Fairchild, Langworthy, Kohn & Van Dyke, Kansas City, Mo., for plaintiffs.

J. Eugene Balloun, Shook, Hardy & Bacon, Overland Park, Kan., Frank P. Sebree, Leanne DeShong, Shook, Hardy & Bacon, Kansas City, Mo., for defendants.

William M. Modrcin, Morris, Larson, King, Stamper & Bold, Kansas City, Mo., James L. Eisenbrandt, Overland Park, Kan., for G. Lawrence Blankinship, Jr.

Gregory M. Coggs, Kansas City, Kan., for Gerald W. Hall and I.H. Henderson, Sr.

T. Bradley Manson, Olathe, Kan., Karon D. Ramsey, Kansas City, Mo., for John Scott Moore.

R. Pete Smith, McDowell, Rice & Smith, Kansas City, Kan., for Chester C. Owens and Willard C. Shelton.

Steven R. Jarrett, Heavner, Jarrett & Kimball, Shawnee Mission, Kan., G. Edwin Proctor, Jr., Kansas City, Mo., for Walter R. Peterson.

Robert A. Andrews, Dickerson, Andrews & Townsend, Prairie Village, Kan., for Michael L. Sanders.

Kenneth P. Soden, Soden & Isenhour, Mission, Kan., for Donald D. Sewing.

Michael D. Fitzgerald, Van Osdol, Magruder, Erickson & Redmond, Kansas City, Mo., Reid F. Holbrook, Fallon, Holbrook & Ellis, Kansas City, Kan., for Mary Jane Myers.

EARL E. O'CONNOR, Chief Judge.

### MEMORANDUM AND ORDER

Pending in the above-captioned action are numerous motions filed by various parties. Most pertinent at this point, however, is the motion of counterclaim defendant Donald D. Sewing for dismissal of the entire action on the ground that this court lacks subject matter jurisdiction. Because we are hereby granting that motion, the other pending motions are now moot.

This case had its genesis in the failure of the Douglass State Bank of Kansas City, Kansas (the Bank). On September 3, 1983, the Bank Commissioner of the State of Kansas determined that the Bank was insolvent and assumed exclusive custody and control of the Bank's property and affairs. *See* K.S.A. 9–1903. On that same date, the Commissioner appointed the Federal Deposit Insurance Corporation ("FDIC/Receiver") as receiver and liquidator of the Bank. *See* K.S.A. 9–1907. FDIC/Receiver accepted this appointment pursuant to 12 U.S.C. § 1821(e), which authorizes the FDIC to accept appointment as a receiver "if such appointment is tendered by the authority having supervision of such bank and is authorized or permitted by State law." Still on September 3, 1983, FDIC/Receiver arranged for the FDIC in its *corporate* capacity ("FDIC/Corporate") to purchase certain of the Bank's assets— including the Bank's "bad" loans and its claims against the Bank's former directors and officers.

On September 19, 1983, the plaintiff and his wife (since deceased) filed their complaint in the above-captioned matter. The complaint's jurisdictional allegations were as follows:

1. The plaintiffs are husband and wife who have deposited funds in savings accounts and by certificates of deposit in The Douglass State Bank of Kansas City, Kansas ("Bank").

2. The defendant is a corporation formed pursuant to the laws of the United States and has been appointed, and is acting, as receiver of the Bank.

3. The Court has jurisdiction of this action under 28 U.S.C. § 1331, since it is a civil action arising under the laws of the United States. The plaintiffs charge that the defendant has wrongfully "frozen" certain accounts in the Bank in violation of the authority granted to the defendant by Federal laws. 12 U.S.C. § 1813, et seq.

In its "Second Amended Answer and Counterclaim," FDIC admitted the allegations in paragraphs 1 and 2 of the complaint and, as to paragraph 3, stated that it: "admits that the court has jurisdiction of this action, but denies each and every other allegations set forth in paragraph 3." In its two-count counterclaim, FDIC alleged that plaintiffs and the other counterclaim defendants breached certain duties of care and loyalty to the Bank, as well as their express and implied contractual duties as directors and/or officers of the Bank. One of the counterclaim defendants, Michael L. Sanders, then filed a "Cross-Claim" against FDIC on the ground that FDIC wrongfully terminated his employment as vice president of the Bank following its appointment as the Bank's receiver. Altogether, over 120 documents have been filed in this case; and the case has been placed on the court's June 17th docket.

■■■ Obviously, this is a late date at which to be addressing the question of subject matter jurisdiction. However, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974) (emphasis in original). In *Basso*, for instance, an objection to the court's subject matter jurisdiction was successfully raised for the first time *on appeal*. Moreover, "lack of [subject matter] jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation." *Basso*, 495 F.2d at 909. Therefore, FDIC's "admission" that the court has jurisdiction of this action is of no effect.

■■ In its response to the motion to dismiss, FDIC devotes most of its attention to arguing that this court has jurisdiction over its *counterclaims*. Such argument ignores the thrust of the motion to dismiss, which is based primarily on an alleged lack of jurisdiction over the initial complaint. If this court lacked jurisdiction to entertain the complaint, any counterclaim dependent thereon would be similarly outside of our jurisdiction.

Insofar as FDIC does address the question of subject matter jurisdiction over the complaint, it relies on the provisions of 12 U.S.C. § 1819 (Fourth). In pertinent part, that statute reads as follows:

Fourth. ... All suits of a civil nature at common law or in equity to which the [Federal Deposit Insurance] Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; ... except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States.

The Tenth Circuit had occasion in 1961 to construe this statute. In *Freeling v. Sebring*, 296 F.2d 244, 245 (10th Cir.1961), the court noted:

Congress thus has authorized the F.D.I.C. to act simultaneously in the dual capacity of a federal insurer and as a state receiver and has discerningly provided for federal jurisdiction of claims against it as a federal insurer, while de-

82

nying federal jurisdiction over claims arising out of its activities as a state agent.

In recent years, the *Freeling* construction has been accepted by all other circuits that have addressed this question. *See, e.g., In Re F & T Contractors, Inc.,* 718 F.2d 171, 177 (6th Cir.1983); *F.D.I.C. v. de Jesus Velez,* 678 F.2d 371, 374 (1st Cir.1982); *F.D.I.C. v. Sumner Financial Corp.,* 602 F.2d 670, 679–80 (5th Cir.1979).

 Under the facts as alleged, this case clearly falls within the exception and not the general rule. The complaint's second paragraph stated that the defendant "has been appointed, and is acting, as *receiver* of the Bank." (Emphasis added.) In its answer, FDIC admitted without reservation the allegations in that paragraph. Therefore, 12 U.S.C. § 1819 (Fourth) provides no basis for this court's exercise of subject matter jurisdiction over the complaint.

Although not specifically raised in this case, FDIC/Receivers in other reported cases have attempted to justify federal jurisdiction under the diversity statute, 28 U.S.C. § 1332(a). In those cases, FDIC argued that its principal place of business is in Washington, D.C., and that 28 U.S.C. § 1332(c) therefore renders it a citizen of Washington, D.C. Without ruling on FDIC's citizenship, the Fifth Circuit in *Sumner Financial Corp., supra,* rejected FDIC's ultimate conclusion. The court instead noted:

[W]e believe that § 1819 (Fourth) should be read as a unified, integrated, self-contained whole—*i.e.,* that the grant of jurisdiction and the qualifying proviso are to be read as setting out a complete scheme for federal jurisdiction over cases in which F.D.I.C. is a party. It follows that the limitation on federal jurisdiction stated in the proviso cannot be evaded by predicating jurisdiction on some general jurisdictional grant.

602 F.2d at 677. We agree fully with the analysis underlying the Fifth Circuit's conclusion, and must therefore conclude that FDIC cannot establish this court's subject matter jurisdiction over this complaint.

We will therefore grant counterclaim defendant Sewing's motion to dismiss for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that this case is dismissed for lack of subject matter jurisdiction. All other pending motions are denied as moot. Each party shall bear his, her, or its own costs.