**FEDERAL SAVINGS & LOAN INSURANCE CORPORATION, as Receiver For North Kansas Savings Association, Plaintiff,**

v.

**Howard D. HUFF, et al., Defendant.**

**Civ. A. No. 83–2169–S.**

United States District Court, D. Kansas.

April 2, 1986.

---

B.J. Hickert, Morrison, Hecker, Curtis, Kuder & Parrish, Wichita, Kan., for Federal Sav. & Loan Ins.

Charles E. Patterson, Daniel Bukovac, Watson, Ess, Marshall & Enggas, Kansas City, Mo., R. Kent Sullivan, Payne & Jones, Overland Park, Kan., Harvey L. Kaplan, Richard E. McLeod, W. Woody Schlosser, Shook, Hardy & Bacon, Kansas City, Mo., Jeffrey S. Nelson, Thomas R. Buchanan, Shook, Hardy & Bacon, Overland Park, Kan., Rolland J. Exon, Watson, Ess, Marshall & Enggas, Olathe, Kan., Martin J. Purcell, P. John Owen, Nancy L. Shelledy, J. Emmett Logan, Reggie C. Giffin, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., A. Bradley Bodamer, Morrison, Hecker, Curtis, Kuder & Parrish, Shawnee Mission, Kan., for other defendants.

Julia L. Young, Asst. Atty. Gen., Topeka, Kan., for Sav. & Loan Com'r for the State of Kan.

Gregory J. Bien, Myron L. Listrom, Sloan, Listrom, Eisenbarth, Sloan and Glassman, Topeka, Kan., for Fidelity & Deposit Co. of Maryland.

Charles White Hess, Charles W. Smiley, Linde Thomson Fairchild, Langworthy Kohn & Van Dyke, Overland Park, Kan., Albert Thomson, Linde Thomson Fairchild, Langworthy Kohn & Van Dyke, Kansas City, Mo., for Howard D. Huff.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Fidelity and Deposit Company of Maryland [hereinafter F & D] and defendant Huff's motions to dismiss for lack of subject matter jurisdiction and F & D's second motion for summary judgment. This action has been brought by the Federal Savings & Loan Insurance Corporation [hereinafter FSLIC] in its receivership capacity against Mr. Huff, the former Chairman of the Board of North Kansas Savings Association, for fraud, and against F & D, the Association's fidelity bonding company, for breach of its blanket bond. The FSLIC contends that this court has jurisdiction over this case for four reasons: (1) the FSLIC is a federal agency; (2) this action does not involve only the rights and obligations of North Kansas Savings Association and its investors, creditors and stockholders; (3) this action involves rights and obligations under federal law; and (4) the FSLIC is acting as a federal receiver. Specifically, plaintiff states that this court has subject matter jurisdiction pursuant to 12 U.S.C. §§ 1725(c) and 1730(k)(1), and by virtue of 28 U.S.C. §§ 1331 and 1345. The court has been advised that Counts I through V have been settled; thus, the court will review this court's jurisdiction based on Count VI of the First Amended Complaint for fraud against Mr. Huff and Count VII against F & D for breach of the blanket bond. Counts VI and VII incorporate the allegations relating to violations of federal regulations cited in Counts I–V.

Obviously, this is a late date at which to address the question of subject matter jurisdiction. However, "[a] court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974); *See e.g., Gross v. Federal Deposit Insurance Corp.*, 613 F.Supp. 79, 81 (D.Kan.1985). The court will first address plaintiff's claim of jurisdiction pursuant to 12 U.S.C. § 1730(k)(1). Section 1730(k) provides:

> Notwithstanding any other provision of law, (A) the corporation shall be deemed to be an agency of the United States within the meaning of § 451 of Title 28; (B) any civil action, suit, or proceeding to which the corporation shall

be a party shall be deemed to arise under the laws of the United States, and the United States District Courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the corporation may without bond or security; remove any such action, suit, or proceeding from a state court to the United States District Court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: Provided, that any action, suit or proceeding to which the corporation is a party in its capacity as conservator, receiver, or other legal institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under state law shall not be deemed to arise under the laws of the United States.

Following the court's interpretation in *FSLIC v. I–Tex Energy Corporation*, No. 83C 3994, slip op. at 3 (N.D.Ill., *unpublished*, Jan. 9, 1984), a suit in which the FSLIC is a party shall be deemed to arise under the laws of the United States if any one of the following factors is present: [(1)] the FSLIC is suing it its corporate capacity; (2) the suit involves the rights of others than ... its investors, creditors, and stockholders, and (3) the suit involves the rights of any party under federal law. A simple reading of the statutory language reveals that if any one of these factors is present, the underlying proviso is not called into play, and subject matter jurisdiction would exist, at least under 28 U.S.C. § 1331. *Id.* at 3–4.

The plaintiff FSLIC concedes that it is suing solely in its capacity as receiver of a state-chartered institution. Therefore, the first factor is not present in this circumstance.

The plaintiff in this case argues that this suit involves the rights of others besides that of its investors, creditors and stockholders. Plaintiff cites the decision in *FSLIC v. Forde*, No. CV 85–774–WMB, slip op. at 5 (C.D.Cal., *unpublished*, July 3, 1983) for the proposition that this action does not involve only the rights or obligations of investors, creditors and stockholders, thus making the proviso inapplicable to the case at hand.

In *FSLIC v. Forde*, the court stated "[i]f the action involves the rights or obligations of any third party, even though the rights or obligations of investors, creditors, stockholders and the institution are also involved, the proviso, by its express terms, is inapplicable and federal jurisdiction exists. *Id.* In *FSLIC v. Forde*, the rights and obligations of investors, creditors, stockholders and the institution itself were involved. The court found, however, that the case involved the obligations of certain officers and directors of the failed institution, as well as certain borrowers and appraisers utilized by the failed institution. Accordingly, the court found that the proviso was inapplicable and that that court had subject matter jurisdiction over the action. In *FSLIC v. Forde*, the FSLIC was claiming damages for breach of fiduciary duty, negligence, fraud, negligent misrepresentation and professional negligence.

The defendant F & D cites case law which reaches the opposite conclusion. In *Federal Deposit Insurance Corp. v. National Surety Corp.*, 345 F.Supp. 885 (S.D. Iowa 1972), the FDIC, as receiver for the state bank of Prairie City, Iowa, filed suit against the National Surety Corporation. The FDIC alleged that employees of the Prairie City Bank were bonded by the National Surety Corporation to provide payment to the Bank for losses sustained through fraudulent activities. Defendant National Surety Corporation removed the action to federal court invoking jurisdiction under 28 U.S.C. § 1332, 12 U.S.C. § 1819, and 28 U.S.C. § 1331. FDIC then filed a motion to remand, stating that there was no diversity of citizenship and the provision of 12 U.S.C. § 1819 bars federal jurisdiction over the claims of the FDIC. Title 12 U.S.C. § 1819 similarly states that there shall be a federal question of jurisdiction in suits by or against the FDIC:

[E]xcept that such suit to which the Corporation is a party in its capacity as

receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State banks under State law shall not be deemed to arise under the laws of the United States.

In *National Surety Corporation* the court found that the FDIC was suing in its capacity as receiver to enforce the rights of depositors, creditors and stockholders in such state bank under state law. The language in § 1819 is almost identical to the language in the proviso of § 1730 which is at issue in this case. The court in *National Surety Corporation* found that while the FDIC may be an ultimate recipient of the possible recovery in the suit, the FDIC was still only asserting claims of depositors, stockholders and the state bank as receiver of this bank and thus falls within the meaning of the exception to federal question jurisdiction under 12 U.S.C. § 1819.

In *Federal Deposit Insurance Corp. v. Sumner Financial Corp.*, 602 F.2d 670 (5th Cir.1979), the Federal Deposit Insurance Corporation sued as a receiver of insolvent Michigan State Bank, bringing action against the defendants alleging that they conspired to fraudulently convert some bank funds. Counts I and II of plaintiff's amended complaint alleged that certain defendants had conspired to defraud the bank and convert its funds. Two and one-half years after the Sumner case was filed, the FDIC brought to the court's attention the decision in *FDIC v. National Surety Corp.*, 345 F.Supp. 885 (S.D.Iowa 1972) which called into serious question the court's subject matter jurisdiction. The 5th Circuit Court of Appeals found that the district court did lack jurisdiction. In *Sumner Financial Corp.* the court first addressed the issue, as stated in *FSLIC v. Krueger*, 435 F.2d 633 (7th Cir.1970), of whether subsection (A) of § 1730(k)(1) grants original jurisdiction under 28 U.S.C. § 1345 of any suit brought by the FSLIC. In *Krueger*, the 7th Circuit held that subsections (B) and (C) of § 1730(k)(1) related solely to removal proceedings from state courts in actions where the corporation has been made a party, and not cases where

the FSLIC originally brought the action. The court declined ruling on this issue. The court, however, interpreted the proviso language in § 1819 (Fourth) to qualify both the grant of original federal jurisdiction as well as removal to federal court. The court found that although the FDIC is an agency within the meaning of § 1345, for purposes of determining subject matter jurisdiction, § 1819 should be read as a unified, integrated, self-contained grant of jurisdiction and the qualifying proviso is to be read as setting out a complete scheme for federal jurisdiction over cases in which the FDIC is a party. The court therefore found that the limitation on federal jurisdiction stated on the proviso cannot be evaded by predicating jurisdiction on some general jurisdictional grant, such as 28 U.S.C. § 1345.

The court in *Sumner* discussed in scrupulous detail its interpretation of the language of § 1819. The court finds it is not necessary to recant this interpretation. The court found that the proviso of § 1819 (Fourth) states a limitation on the FDIC's ability to invoke federal jurisdiction despite its agency or citizenship status. The court therefore found that by virtue of the proviso in § 1819 (Fourth) the federal courts do not have jurisdiction over suits brought by the FDIC in its capacity as receiver of a state bank which involve only the rights and obligations of the creditors, debtors, stockholders and the state bank under state law. 602 F.2d at 683.

In plaintiff's reply to the supplemental memorandum of defendant F & D and defendant Huff's memorandum in support of the motion to dismiss for lack of jurisdiction, plaintiff cites the decision in *FSLIC v. Sajovich*, No. CV 86–0209WDK (JRX) (C.D. Cal., *unpublished*, Feb. 20, 1986). In Sajovich, the FSLIC, in its capacity as conservator, brought action in federal court against the directors of Manhattan Beach Savings & Loan Association, as well as two independent corporations alleging causes of action for breach of fiduciary duty, negligence, and money had and received in connection with various transactions that contributed to Manhattan's financial difficul-

ties. The court found that since the rights or obligations of various non-proviso parties [investors, creditors, stockholders, or a state-chartered institution] were at issue, the proviso of § 1730(k)(1) was inapplicable. *Id.* at 6. Specifically, the court states that the corporate defendants were neither "investors, creditors or stockholders of Manhattan Beach." Additionally, the court found that while the individual defendant-directors may be investors, creditors or stockholders, the FSLIC was only suing them in their capacities as directors. The court also rejected defendant's contention that the alleged obligations of these admitted non-proviso parties should be characterized as merely "rights" of Manhattan Beach, a state-chartered institution. Applying defendant's proposed construction, the court found that whenever the FSLIC was either suing or being sued in its capacity as conservator, the action would be characterized as involving "only" the rights or obligations of a state-chartered institution. The court found that such an interpretation would strip the relevance of the express limitation as provided in the proviso. The court interpreted the limitation, therefore, to render the proviso inapplicable in actions that involve the "rights or obligations of non-proviso parties." *Id.* at 7. This court does not agree with the court's reasoning in *Sajovich.*

■ While the court recognizes the unsettled nature of the case law in resolving this issue, the court finds that the proviso of § 1730 bars the FSLIC from claiming jurisdiction under § 1730(k)(1) in this case. Upon a review of the facts, the court finds that it is undisputed that the FSLIC is a party in its capacity as receiver of an insured state-chartered institution. The court further finds that this case involves only the rights of investors, creditors, stockholders in such institution under state law. The court therefore finds that this case shall not be deemed to arise under the laws of the United States. While the court is fully cognizant of the fact that a third party is involved, F & D, the court finds that the FDIC is suing F & D solely in its capacity as receiver for North Kansas Savings Association.

The court recognizes the fact that the proviso language "which involves only the rights or obligations of investors, creditors, stockholders, and such institution under state law" has been interpreted to reach two contrary results. First, it could be argued, as the plaintiff does, that since the obligations of F & D under the bond contract are involved, rights other than those of "investors, creditors, stockholders and such institution under state law" are involved, thus rendering the proviso inapplicable. Conversely, the above-cited language could be interpreted to direct attention solely to the FSLIC's role in bringing such action and what rights or obligations it seeks to protect or enforce. The court adopts the latter interpretation. The court finds that Count V and Count VI of plaintiff's complaint, while involving the obligations of F & D, in reality, relate solely to the rights of the creditors, investors, stockholders, and the FSLIC as receiver of North Kansas Savings Association. The FSLIC has brought this action to protect and defend against fraudulent activities of its directors. The court therefore finds that the proviso of § 1730(k)(1) bars the FSLIC from claiming jurisdiction under 12 U.S.C. § 1730(k)(1).

The plaintiff has also cited the language of § 1730(k)(1)(A) which provides that "[t]he corporation shall be deemed to be an agency of the United States within the meaning of § 451 of Title 28." Plaintiff then states that § 1345 of Title 28 provides: "[e]xcept as otherwise provided by act of Congress, the district court shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by act of Congress." The plaintiff finally cites to 12 U.S.C. § 1725(c)(4) for the authority granting to the FSLIC the right "[t]o sue and be sued, complain and defend, in any court of competent jurisdiction in the United States...." Thus, the plaintiff concludes that the court has agency jurisdiction over the subject matter of this jurisdiction. The plaintiff cites several decisions which support such a finding. The court notes that the plaintiff cites three cases from the Sev-

enth Circuit Court of Appeals. The court recognizes that the Seventh Circuit has held that the proviso contained in § 1730, relates solely to removal proceedings from state court and actions wherein the corporation has been made a party.

The court, rather than following the Seventh Circuit decision holding that the proviso relates solely to removed actions, adopts the 9th Circuit decision in the *Hancock Financial Corp. v. Federal Savings & Loan Insurance Corp.,* 492 F.2d 1325, 1328 n. 2, (9th Cir.1974). In *Hancock,* the court refused to follow the dicta in the Seventh Circuit which suggested that the proviso clause was related solely to removal proceedings by the FSLIC in actions in which it had been made a party.

■■■ The court finds that rather that construing § 1730(k)(1)(A) as a separate provision granting jurisdiction, clearly separate from the proviso of § 1730(k)(1), § 1730(k)(1) should be read as a whole. The court finds that the reasoning in *Gross v. Federal Deposit Insurance Corp.,* 613 F.Supp. 79, 82 (D.Kan.1985) is applicable to the resolution of this issue. The court recognizes that in *Gross,* the court was dealing with § 1819 (Fourth) rather than § 1730. In *Gross,* the court noted that:

> [W]e believe that § 1819 (Fourth), should be read as a unified, integrated, self-contained whole—i.e., that the grant of jurisdiction and the qualifying proviso are to be read as setting out a complete scheme for federal jurisdiction over federal cases in which FDIC is a party. It follows that the limitation on federal jurisdiction stated in the proviso cannot be evaded by predicating jurisdiction on some general jurisdictional grant.

*Id.* at 82, (*quoting Federal Deposit Insurance Corp. v. Sumner Financial Corp.,* 602 F.2d 670, 677 (5th Cir.1979)).

The court also finds that it will not rely on the dicta as established in *Sumner Financial Corporation,* 602 F.2d 670, for differentiating between viewing § 1819 as a whole and viewing § 1730 as separate jurisdictional grants under each subsection. The court therefore finds that it cannot accept plaintiff's conclusion that the limiting proviso of § 1730(k)(1) has no bearing on the issue of agency jurisdiction under § 1730(k)(1)(A) and 28 U.S.C. § 1345. The court further finds that the language of 28 U.S.C. § 1345 clearly states *"[e]xcept as otherwise provided by act of Congress,* the district court shall have original jurisdiction of all actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by act of Congress." (emphasis added.) The term "except as otherwise provided by act of Congress" clearly negates any merit to plaintiff's claim that § 1345 confers federal jurisdiction over actions in which the FSLIC is involved. The court finds that 12 U.S.C. § 1730(k)(1) expressly provides that the jurisdiction of district courts over the FSLIC is limited by the proviso of that Act, thus negating the general jurisdictional grant of 28 U.S.C. § 1345.

■■■ The plaintiff also claims jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law. The plaintiff states that the allegations in plaintiff's amended complaint, which charge the defendants with a violation of federal regulations, are central to plaintiff's claim. In reviewing plaintiff's amended complaint, the court finds that while Counts VI and VII make reference to federal regulations and violations of such regulations, the actions against F & D and defendant Huff are those which involve purely state law. The court further finds that when the FSLIC is acting in its role as a receiver appointed under state law, the applicable substantive law is state rather than federal. *FSLIC v. Elliott,* No. 83–C–1803, slip op. at 5. (N.D.Ill., *unpublished,* March 8, 1985). *See also FDIC v. National Surety Corp.,* 345 F.Supp. 885, 888 (S.D.Iowa 1972) (no basis for federal jurisdiction because FDIC is suing in its capacity as receiver pursuant to § 1819). The court further notes that it is undisputed that the FSLCI is acting solely in its receiver capacity and not in its corporate capacity, thereby raising a federal question. See *Federal Deposit Insurance Corp. v. Sumner Financial Corp.,* 602 F.2d 670, 680–81 (5th Cir.1979) (would have been no jurisdiction

if the suit had been brought by FDIC solely in its capacity as receiver rather than in its corporate capacity). The court finds that the plaintiff's cite to *FSLIC v. Sajovich,* CV 86–0209WDK (JRX) slip op. at 7 (C.D.Cal., *unpublished,* Feb. 20, 1986) is inapposite to the facts at hand. In *Sajovich,* the court found that plaintiff's allegations of breach of fiduciary duty depended in large part on an interpretation of federally-prescribed obligations, and thus raised a federal question. The court, in viewing plaintiff's amended complaint, cannot find that plaintiff's reference to federal regulations in support of its claim against Mr. Huff raises a substantial issue of federal law. The court therefore finds that 28 U.S.C. § 1331 cannot be relied upon to confer jurisdiction on this court.

IT IS BY THE COURT THEREFORE ORDERED that defendants Fidelity and Deposit and Huff's motions to dismiss for lack of subject jurisdiction pursuant to 12(b)(1) of the Federal Rules of Civil Procedure are hereby granted. IT IS FURTHER ORDERED that Fidelity and Deposit's second motion for summary judgment is hereby dismissed as moot. IT IS FURTHERED ORDERED that Fidelity and Deposit Company's Motion to amend its cross-claim is hereby denied as moot.